## Stegmaier, Appellant, *v.* Goeringer.

*Municipalities—Cities of the third class—Celebration of public event—Appropriation of moneys—Act of May 23, 1889, art. V; sec. 2, P. L. 277.*

While the councils of a city of the third class may vote money for the public celebration of an event of public interest connected with the history of the city, and may even direct that such money shall be paid to the treasurer of a committee of private citizens having the celebration in charge, such treasurer cannot demand that the city controller shall countersign warrants for such appropriation, unless it appears that he had presented proper bills or vouchers showing for what purpose and in what manner the moneys had been expended.

The remedy by mandamus is a strictly legal one, and the relator must establish a specific legal right as well as the want of a specific remedy in order to sustain such a proceeding.

When a private relator seeks to compel by mandamus a public official to perform an alleged duty, the burden is on him to show that he has performed every prerequisite condition necessary to compel such action and that it has been refused by the public official. This is true whether the duty to be performed is ministerial or discretionary, for even if the duty is ministerial the private relator must show that he has placed himself in a position to legally demand the performance

of the duty, and after making demand, it was refused, before he is in a position to ask the intervention of the court to compel the performance of the alleged duty.

Argued April 17, 1907. Appeal, No. 159, Jan. T., 1907, by plaintiff, from order of C. P. Luzerne Co., Feb. T., 1907, No. 34, refusing writ of mandamus in case of George J. Stegmaier, Treasurer, etc., v. Fred Goeringer, Controller, etc. Before MITCHELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Petition for mandamus.

The petition was as follows:

1. By lawful ordinance, duly passed by the select council of the city of Wilkes-Barre, in said county, on March 13, 1906, and by the common council on March 21, 1906, and duly approved by the mayor of that city on March 24, 1906, the sum of $5,000 was lawfully appropriated for a certain public celebration, held on May 10, 11 and 12, 1906, designated a " Centennial Jubilee," and designed to commemorate events of great public interest connected with the history of Wilkes-Barre, in a manner and with the intent to promote, maintain and advance the material welfare of the city and its inhabitants, and its trade, commerce and manufactures.

2. By lawful concurrent resolution passed by the said councils on April 24, 1906, and approved by the mayor on April 25, 1906, it was resolved, pursuant to said ordinance, that a warrant in the sum of $5,000, payable out of the item of " Centennial Jubilee " in the miscellaneous appropriation, be drawn in favor of George J. Stegmaier, treasurer of the general centennial jubilee committee, the petitioner, plaintiff, to be expended for the purpose of decorations under the direction of the jubilee decorating committee, said decorations being of a public character and necessary for the public celebration aforesaid.

3. Thereupon, to wit: on April 25, 1906, a city order for the payment of said sum to the petitioner, plaintiff, duly drawn upon the city treasurer, was presented to Fred Goeringer, the defendant, then and now the controller of said city, for countersignature, in accordance with law.

4. Thereupon, it became and was the ministerial duty of the

defendant to countersign the said order as a legal prerequisite to payment thereof by the treasurer.

5. Nevertheless, the defendant unlawfully refused, and still refuses, to countersign the said order, so that payment of the same cannot be made, and the intention of councils in respect to the said appropriation is wholly frustrated.

6. Upon the faith of said appropriation the general centennial jubilee committee, composed of sundry citizens, whereof the the petitioner, plaintiff, is treasurer, expended for the purpose of decorations, as directed in the said resolution, a sum exceeding $5,000.

This petition is filed as well in behalf and at instance of said committee beneficially interested to the extent of $5,000, as of the petitioner, plaintiff, himself, and individuals composing said committee beneficially interested to the extent of their respective personal contributions to the fund expended as aforesaid.

The petition prayed for a peremptory mandamus.

The respondent filed an answer denying the right of the relator to relief, and the relator thereupon demurred to the answer.

The court overruled the demurrer.

*Error assigned* was in overruling the demurrer.

*Henry A. Fuller*, for appellant, cited: Bergner v. Harrisburg, 1 Pearson, 291; Tatham v. Philadelphia, 2 W. N. C. 564; Tagg v. Philadelphia, 18 W. N. C. 79; Com. v. Gingrich, 21 Pa. Superior Ct. 286.

*James L. Lenahan*, with him *C. F. McHugh*, city solicitor, for appellee.

Opinion by Mr. Justice Elkin, June 3, 1907:

The custom of commemorating important historical, military and civil events is as old as mankind, and at common law the right of municipalities to make appropriations out of the public funds for the proper observance of such occasions was recognized for centuries. There is no reason why a municipality, unless restricted by statute, should not be permitted to make reasonable appropriations in order to fitly com-

memorate public events in which all of the citizens thereof
are, or should be, interested.   The general welfare clause of
the Act of May 23, 1889, P. L. 277, relating to cities of the
third class, instead of limiting the inherent powers of mu-
nicipalities in this respect, is broad enough to confer the ex-
press power to make an appropriation for the commemoration
of events of great public interest in such a manner as to pro-
mote the general welfare of the city and advance its trade,
commerce and manufactures.   It must not be understood,
however, that because in a proper case, and for a proper pur-
pose, a municipality has the power to make such an appropria-
tion it can do so without any limitations or restrictions.   The
general rule that a public corporation cannot make a contract
to provide an entertainment for its citizens or guests is freely
conceded ; also that it is not within the power of cities of the
third class to make appropriations for expenses incurred in
providing refreshments, entertainments and dinners for dele-
gates to a convention ; or for entertaining guests at a sup-
per or ball; or, indeed, for the purpose of extending hos-
pitality or furnishing social pleasures either to citizens or
invited guests.   While these limitations have been very prop-
erly imposed upon municipalities, it does not follow that they
do not have the power to make an appropriation to fittingly
decorate and otherwise ornament the streets and public build-
ings, and to provide suitable conveniences for the accommo-
dation of the public in the enjoyment of the ceremonies inci-
dent to the occasion.   Whether this be considered an inherent
common-law power of every municipality, or whether it comes
within the purview of the general welfare clause of the act of
1889, the result is the same in so far as cities of the third class
are concerned.   In the exercise of this power the rule should
be observed that moneys appropriated for these purposes
should be expended under the supervision and direction of
the proper officer or department of the city government, and
that bills should be presented, vouchers filed and the accounts
audited in the same manner as is provided by law for the ex-
penditure of other public funds.   It is true that in Common-
wealth v. Pittsburg, 183 Pa. 202, it was held that the city
could appropriate money to a committee of private citizens
to be used for a purpose intended to promote the general wel-

fare of the people. Under the authority of that case it cannot be doubted that a city may, under certain circumstances, and for proper purposes, make an appropriation to a committee of private citizens acting for the general welfare of the inhabitants of the municipality. This is an extreme exercise of municipal power which should be carefully guarded, and when exercised the committee of private citizens should present bills and vouchers showing for what purpose and how the moneys were expended, and these accounts should be examined and audited before warrants are drawn for their payment. The safer rule is to require the moneys thus appropriated to be expended by the proper official or officials of the city government, and the bills and vouchers should be presented for payment in the regular and ordinary way. While we recognize the power of councils of the city of Wilkes-Barre to make an appropriation for the general purpose indicated in the ordinance, the contention of appellant cannot prevail in this case for the reasons hereinafter stated.

The relator seeks to compel by mandamus the appellee to countersign a warrant drawn upon the city treasurer in the lump sum of $5,000. The remedy by mandamus is a strictly legal one, and the relator must establish a specific legal right as well as the want of a specific remedy in order to sustain such a proceeding: James v. Bucks County, 13 Pa. 72; Commonwealth v. Henry, 49 Pa. 530; Commonwealth v. Thomas, 163 Pa. 446; Commonwealth v. James, 214 Pa. 319. When a private relator seeks to compel by mandamus a public official to perform an alleged duty, the burden is on him to show that he has performed every prerequisite condition necessary to compel such action, and that it has been refused by the public official. This is true whether the duty to be performed is ministerial or discretionary, for even if the duty is ministerial the private relator must show that he has placed himself in a position to legally demand the performance of the duty, and after making demand it was refused, before he is in a position to ask the intervention of the court to compel the performance of the alleged duty.

Let us apply these principles to the facts of the present case. If it be conceded that the city councils had the power to make an appropriation for the general purpose stated, the moneys so

appropriated must be expended and accounted for according to
law.    It will not do to say that city councils have the power
to make a general appropriation of $5,000 to be advanced to
a committee of private citizens before any expenses are incurred
or bills paid, and that there need be no accounting to the city
controller, or any other public official for the moneys so ap-
propriated.    When public moneys are appropriated for this
purpose, as well as for all other purposes, bills should be pre-
sented and vouchers filed, in order that the city controller may
pass upon the rectitude of the claims thus presented before he
countersigns the warrant upon the city treasurer: Runkle v.
Commonwealth, 97 Pa. 328.    And this is true even in a case
where the right of a city to appropriate money to a commit-
tee of private citizens has been recognized : Commonwealth v.
Pittsburg, supra.    The relator in his petition averred in sub-
stance that a " lawful ordinance " had been passed by select
and common councils and approved by the mayor March 24,
1906, making an appropriation of $5,000 for a certain public
celebration to be held on the tenth, eleventh and twelfth days
of May of that year ; that a " lawful concurrent resolution "
was passed by councils and approved by the mayor on April 25,
1906, authorizing a warrant in the sum of $5,000 to be drawn
in favor of the appellant, treasurer of the general centennial ju-
bilee committee, to be expended for decorations; and on the day
the concurrent resolution was approved by the mayor, the relator
demanded of the city controller that he countersign a warrant
on the city treasurer for the whole amount so appropriated.
It is apparent that at the time the demand was made upon the
city controller no moneys had been expended for the purpose
designated, and it is not averred that bills or vouchers had
been presented to the city controller in order that he might
pass judgment upon the expenditures before countersigning
the warrant.    It does not appear in the pleadings that either
at that time, or any subsequent time, bills and vouchers were
presented to the city controller in order to inform him for
what purpose and in what manner the moneys were expended,
so that he might act intelligently in countersigning the warrant.
Clearly, therefore, the relator has not shown such a specific
legal right, nor has he performed all the prerequisite condi-
tions necessary to demand of the city controller the counter-

signing of the warrant so that a proceeding by mandamus may be maintained by him upon the refusal of the city controller so to do.   The respondent in his answer denies that the " ordinance was lawful ; " or that the " concurrent resolution was lawful ; " or that the order drawn upon the city treasurer was lawful ; or that it was his duty to countersign the warrant. The pleadings are argumentative, and in the averment of facts state conclusions of law drawn from facts not set out in the record, and which cannot be properly reviewed on this appeal.   The record does not contain a copy of the ordinance, or of the concurrent resolution, or of the bills and vouchers, and is silent on the question whether bills and vouchers had been presented for approval by the controller.   It seems clear, therefore, that as the record stands the relator is not entitled to a peremptory writ of mandamus.

Assignments of error overruled and decree affirmed.