Cowell *v.* Commonwealth.

Argued November 1, 1972, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*W. Richard Cowell,* for appellant.

*David A. Johnston, Jr.,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, November 29, 1972:

This case arose out of a Declaration of Taking filed September 1, 1970, condemning a portion of appellant's property. Preliminary objections were filed pursuant to Section 406 of the Eminent Domain Code, Act of June 22, 1964, Special Session, P. L. 84, Art. IV, 26 P.S. §1-406. After hearing the preliminary objections were dismissed and this appeal was taken.

Appellant's property is situated on the north side of Route 5 in Erie County. A drainage ditch or channel arising on the south side of Route 5 carries water through a pipe beneath the highway to the north side and then across appellant's land until it flows into Six Mile Creek. Because the original 30-inch pipe beneath the roadway was replaced by a 60-inch pipe, the Commonwealth now seeks to condemn a portion of appellant's land to provide a shortened, straight channel with an increased gradient of 1%. This is necessary, it is alleged, to facilitate the flow of water through the pipe so as to prevent silting and clogging, which in turn protects the highway from flooding and erosion.

Appellant first contends that the Department of Transportation failed to comply with the requirements set forth in Section 2002 of the Administrative Code, Act of April 9, 1929, P. L. 177, Article XX, as amended by the Act of May 6, 1970, P. L. 356, 71 P.S. §512. The relevant portions of Section 2002, as recently amended by the Act of May 9, 1972, P. L. , No. 65, state:

"(b) Upon the submission of the preliminary plan or design to the Department of Transportation for any transportation route or program requiring the acquisition of new or additional right-of-way, the Department of Transportation except in cases involving complaint proceedings under the jurisdiction of the Public Utility Commission shall have the power and its duty shall

be to follow the hearing procedures now or hereafter required by the Federal Government for Federal-aid transportation programs pursuant to Titles 23 and 49 of the United States Code as amended and the regulations and procedures thereunder even though the transportation route or program does not contemplate the use of or actually employ Federal funds . . . .

". . . At the hearings required by this section, the public officials named in clause (15) of subsection (a) of this section shall make a report indicating the environmental effects of the proposed transportation route or program. The Department of Transportation shall not construct or reconstruct any portion of the transportation route or program unless the Secretary of Transportation makes a written finding published in the Pennsylvania Bulletin that:

"(1)   No adverse environmental effect is likely to result from such transportation route or program; or

"(2)   There exists no feasible and prudent alternative to such effect and all reasonable steps have been taken to minimize such effect. For the purpose of this subsection environmental effect shall refer to the effects enumerated in this subsection."

If, therefore, the project in question is a "transportation route or program" within the meaning of Section 2002(b), the requisite hearings and written findings must precede the acquisition of land, so that a determination may be made as to whether the construction of the route or program is permissible under the statute.

Our resolution of this issue must begin with an examination of the statutory provisions cited in the Declaration of Taking as the authority for this condemnation. Section 210 of the State Highway Law, Act of June 1, 1945, P. L. 1242, as amended, 36 P.S. §670-210, provides: "The secretary is hereby empowered to

change, alter, or establish the width, lines, location, or grades of any State highway or any intersecting road in any township, borough, or incorporated town, in such manner as, in his discretion, may seem best, in order to correct danger or inconvenience to the traveling public, or lessen the cost to the Commonwealth in the construction, reconstruction or maintenance thereof. . . ."

In view of this comprehensive grant of authority to the Secretary, we cannot hold that the Legislature intended the term, "transportation route or program," to include *every* instance where the Secretary has the power to condemn.[1] Such an interpretation would cause substantial delays in every highway project while doing little to further the purpose of the legislation.

In the instant case, we agree with the Department of Transportation that this project is not a "transportation route or program" so as to involve the procedures in Section 2002(b). Testimony indicates that the impact of this project both in terms of the scope of the taking and the proposed use of the property will be slight. We are shown no substantial environmental, social or economic factors that suggest that the requirements of Section 2002(b) must be utilized here to review this condemnation.

Next, appellant contends that the Department has alleged no proper public purpose for this taking. The

---

[1] The Secretary's authority to condemn is even more extensive when all the specific authorizations for taking contained in the State Highway Law are considered. Section 413, Acquisition of Property for Unobstructed View, 36 P.S. §670-413; Sections 414 and 415, snow fences and line snow breaks, 36 P.S. §§670-414 and 670-415; Section 417, drains and ditches, 36 P.S. §670-417; and Section 418, stream channels, 36 P.S. §670-418.

In fact, it appears that this condemnation could have appropriately occurred under Sections 417 or 418. Clearly, therefore, the Secretary had statutory authorization for this taking.

record, however, clearly establishes that flooding and erosion of the highway, which the 60-inch pipe was installed to prevent, will continue due to blockage of the pipe unless the channel on the south side of Route 5 is altered.

Finally, appellant argues that this project contravenes policies set forth in the Clean Streams Law, Act of June 22, 1937, P. L. 1987, as amended, 35 P.S. 691.1 et seq. It is sufficient to note that the record contains no evidence that the Commonwealth in any way caused the existing pollution; on the contrary, evidence was introduced showing that the source of the pollution was a nearby housing development where cesspools are in use.

The decision of the lower court in dismissing the Preliminary Objections is affirmed.