David W. Bruhin, Harry W. Kingham and George Nagorny, Plaintiffs, *v.* Jacob Kassab, Secretary of Transportation of the Commonwealth of Pennsylvania, and Maurice K. Goddard, Secretary of the Department of Environmental Resources of the Commonwealth of Pennsylvania, Defendants, and Kevy Kaiserman t/a Springfield Associates, and Township of Springfield, Intervening Defendants.

Argued January 9, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Charles G. Nistico,* with him, of counsel, *Edward F. Muller, Jr.,* for plaintiffs.

*John P. Krill,* Special Assistant Attorney General, with him *David A. Johnston, Jr.,* Assistant Attorney General, *Gregory Ghen,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for defendants.

*Richard M. Rosenbleeth,* with him *Howard Saul Marcu,* and, of counsel, *Blank, Rome, Klaus & Comisky,* for intervening defendants.

OPINION BY JUDGE CRUMLISH, JR., March 25, 1974:

This case comes within the original jurisdiction of this Court and is presently before us for the disposition of Preliminary Objections to the Complaint.

Intervening Defendants, Springfield Associates (Associates) is in the process of constructing a shopping center, known as "Springfield Mall" at the northwest corner of Baltimore Pike and Sproul Road, in Springfield Township. In the process of the development of this mall, the Pennsylvania Department of Transportation issued to Associates Highway Occupancy Permit No. P-177064 which authorized Associates to: "Install curb, sidewalk, acceleration lanes, deceleration lanes,

traffic signals and divisors on Baltimore Pike (L. R. Bo) and Sproul Road (L. R. 225). Permittee responsible for all restoration to State Specifications (408) revised 1970."

This Action in Mandamus instituted by three individuals, two of whom reside in Springfield Township and one of whom resides in the Borough of Swarthmore, seeks to require the Secretary of the Department of Transportation to revoke this Highway Occupancy permit and to require him to hold public hearings and to consult with other Commonwealth Departments before reissuing the permit.

The gravamen of Plaintiffs' present action resides in Counts three and four of their Complaint in Mandamus. Plaintiffs cite Section 2002 of The Administrative Code, Act of April 9, 1929, P. L. 177, Article XX, as amended by the Act of May 6, 1970, P. L. 356, 71 P.S. §512(A)(15) which provides, *inter alia*, that:

"The Department of Transportation in accord with appropriations made by the General Assembly, and grants of funds from Federal, State, Regional and local or private agencies, shall have the power and its duty shall be:

"(15) To consult with appropriate officials as designated by the chief administrative officer of the Department of Environmental Resources, the Department of Community Affairs, the Department of Health, State Planning Board and the Fish Commission regarding the environmental hazards and the conservation, sanitary, recreation and social considerations that might arise by reason of the location, design, construction, or reconstruction *of any transportation or air facility*." (Emphasis supplied.)

Plaintiffs' Third Count alleges that Defendant Kassab violated the statute by failing to consult with officials regarding the design of the proposed construction at Baltimore Pike and Sproul Road.

458

In addition, Plaintiffs also cite 71 P.S. §512(b) which provides: "(b) Upon the submission of the preliminary plan or design to the Department of Transportation for *any transportation in route or program* requiring the acquisition of new or additional right of way, the Department of Transportation shall have the power and its duty shall be to follow the hearing procedures now or hereafter required by the Federal Government for Federal aid transportation. . . ." (Emphasis supplied.)

Plaintiffs, in Count IV, allege the failure of Defendant Kassab to follow the procedure outlined in this statute.

Defendants object to Counts III and IV and argue that the driveway construction contemplated here does not amount to a "transportation route or transportation facility," and that the issuance of such a driveway permit does not constitute ". . . the submission of [a] preliminary plan or design to the Department of Transportation for any transportation route or program requiring the acquisition of new or additional right of way."

We think it is unnecessary to review and consider the arguments presented on the subject of whether consultation and hearings were necessary here. Suffice it to say that in *Cowell v. Commonwealth*, 6 Pa. Commonwealth Ct. 574, 297 A. 2d 529 (1972), it is made obvious that a clear legal right to the hearings does not lie with Plaintiffs. Mandamus lies only where a clear legal right exists in the plaintiff along with a corresponding duty in the defendants, *Verratti v. Ridley Township*, 416 Pa. 242, 206 A. 2d 13 (1965); *Valley Forge Racing Association, Inc. v. Horse Racing Commission*, 4 Pa. Commonwealth Ct. 429 (1972), hence the preliminary objections to Counts III and IV of Plaintiffs must be sustained.

Counts I and II of the Plaintiffs' Complaint allege, in effect, that the Defendant Kassab abused the discretionary power lodged in him as Secretary of the Department of Transportation by granting the disputed highway permit. However, Defendant Kassab correctly argues that Plaintiffs have failed to aver an injury "special and peculiar" from that sustained by the general public or an individual and beneficial interest in the litigation which is needed to entitle them to enforce a public duty. Such an injury is required by the Pennsylvania Mandamus Act, Act of June 8, 1893, P. L. 345, as amended, 12 P.S. §1913, and the relevant case law. *Dombrowski v. Philadelphia*, 431 Pa. 199, 245 A. 2d 238 (1968); *Dorris v. Lloyd*, 375 Pa. 474, 100 A. 2d 924 (1953), cert. denied, 347 U.S. 936.

In addition, Plaintiffs have failed to discharge all the prerequisites to the filing of a Mandamus Action since they failed to aver a demand and a refusal by Secretary Kassab to perform the acts they seek this Court to require of him.[1] *Stegmaier v. Goeringer*, 218 Pa. 499, 67 A. 782 (1907); Pa. R.C.P. 1095(3).

For these reasons and the more specific objection heretofore considered, all four counts of the Plaintiffs' Complaint in Mandamus must fall. Accordingly, we enter the following

## ORDER

AND Now, this 25th day of March, 1974, the Preliminary Objections of Defendant Kassab, to Plaintiffs' Complaint in Mandamus are sustained and the Plaintiffs' Complaint is hereby dismissed.

---

[1] The Plaintiffs sought to amend their Complaint to include the requisite demand on Defendant Kassab after the absence of such a demand was pointed out by Defendant's Preliminary Objections. Plaintiffs' motion to amend their complaint was denied on February 5, 1974, by President Judge BOWMAN.