PICCIONE, J.,
Before the court for disposition are the preliminary objections of each of the defendants to the complaint for writ of mandamus filed on behalf of the plaintiff, Edna J. Hamilton, Executrix for the Estate of David C. Hamilton (hereinafter, the “plaintiff’). The instant complaint for writ of mandamus (hereinafter, the “complaint”) seeks to compel the defendants to pay a previously entered final judgment of an award of attorneys’ fees and costs in the amount of $54,591.95 to the plaintiff.
The plaintiff-decedent was property owners within Lawrence County, Pennsylvania. The Redevelopment Authority of Lawrence County (hereinafter, “RALC”) attempted to condemn the plaintiff’s property for redevelopment under the Urban Redevelopment Law, 35 P.S. § 1701, et seq., and the plaintiff challenged the taking. A final judgment was entered by the Commonwealth Court of Pennsylvania, which denied RALC’s attempt to exercise its power of eminent domain because the *15 plaintiff’s property was not considered to be an “urban blight.” Thereafter, the plaintiff filed a motion for fees and costs to seek reimbursement pursuant to the Eminent Domain Code. This court granted the motion and awarded $54,591.95 in fees and costs to the plaintiff. RALC appealed this court’s order and the Commonwealth Court affirmed this court and the Supreme Court of Pennsylvania affirmed the Commonwealth Court’s determination. The plaintiff now has a final judgment of $54,591.95 against RALC, and the judgment has not been satisfied.
In the instant case, the complaint contains three counts of mandamus against certain groups of defendants. In Count I of the complaint, the plaintiff asserts a writ of mandamus against defendants RALC, Jon Natale, Vince Fuleno, W. Ryan Kegal, Frank Telesz, Dennis Alduk, James Gaglione Jr., Amy B. McKinney, Allen J. Miller, Doniele Russel, and Jason C. Shallcross (hereinafter, collectively, the “RALC defendants”). The individuals listed as the RALC defendants are the members of RALC who were appointed pursuant to the Urban Redevelopment Law, 35 P.S. § 1705, except defendant James Gaglione Jr., who is the executive director of RALC. The plaintiff avers that they are entitled to an award for damages in the amount of $54,591.95. RALC has not paid the damages, and the plaintiff is attempting to enforce the judgment through mandamus against RALC and compel the RALC defendants to utilize all available means to secure payment of the judgment.
In Count II of the complaint, the plaintiff asserts a writ of mandamus against defendants Lawrence County and its Commissioners, Dan Vogler, Steve Craig, and Robert Del Signore (hereinafter, collectively, the “Lawrence *16 County defendants”). The plaintiff argues that the Lawrence County defendants established RALC solely for the purpose of condemning the properties owned by the plaintiff. On October 18, 2005, defendant Lawrence County entered into an agreement with RALC and the Lawrence County Economic Development Corporation (hereinafter, “LCEDC”) guaranteeing through its taxing power, payment in connection with the condemnation of the plaintiff’s property. The purpose of this agreement was to guaranty payment to the plaintiff as just compensation for the condemnation proceedings RALC was instituting against the plaintiff at that time. Defendant Lawrence County failed to provide such funding to RALC; and, consequently, defendant Lawrence County failed adequately to fund RALC. The plaintiff seeks to compel the Lawrence County defendants to fund RALC to enable RALC to fulfill the judgment against it.
The Commonwealth Department of Community and Economic Development awarded a grant to defendant Lawrence County for the development of the Millennium Park project, which included the plaintiff’s property. The grant would be used, in part, for the expenses relating to the condemnation proceedings; however defendant Lawrence County and its commissioners failed to disburse the necessary funds to RALC. The plaintiff alleges that the Lawrence County defendants were complicit in the actions of RALC because it was created with their full knowledge that RALC was underfunded. As set forth in Count I, the plaintiff alleges that RALC is responsible for paying the judgment in the plaintiffs favor, and, in Count II, the plaintiff argues that pursuant to the guarantee agreement, the Lawrence County defendants are legally obligated to *17 provide such aid to RALC to enable it to fulfill its public purpose. The plaintiff requests the court to compel the Lawrence County defendants to provide RALC with the funding necessary to satisfy the judgment in favor of the plaintiff.
In Count III of the complaint, the plaintiff seeks a writ of mandamus against defendants the Commonwealth of Pennsylvania and the Governor, Thomas Corbett (hereinafter, collectively, the “Commonwealth defendants”). The plaintiff alleges that at all relevant times, RALC was acting as an agent of the Commonwealth of Pennsylvania with the knowledge and consent of the governor. The complaint states that RALC filed annual statements with the Commonwealth of Pennsylvania Department of Community and Economic Development (hereinafter, the “DCED”) and the Governor’s Center. The annual statements revealed that RALC was not funded nor did it have any assets.
Defendant Lawrence County and LCEDC filed an application for the development of the Millennium Project for a grant which included the condemnation of private property by RALC. The DCED awarded the grant to defendant Lawrence County with the intent that the funds would be used, at least in part, for the expenses related to the condemnation proceedings. The plaintiff alleges that defendant Commonwealth of Pennsylvania was aware that RALC was unfunded but was engaging in operations, which caused it to incur liabilities for which RALC did not have the assets to balance. Because of this, the plaintiff alleges that the Commonwealth defendants were complicit in the actions of RALC. Since RALC is responsible for paying the judgment awarded to the plaintiff, RALC must utilize all available means, including seeking aid from the *18 defendant Commonwealth of Pennsylvania, to satisfy the judgment. The plaintiff further alleges that RALC was acting as an agent of the Commonwealth; and, therefore, the Commonwealth is legally obligated to provide such and RALC to fulfill its public purpose. The plaintiff requests the court to compel the Commonwealth defendants to provide funding to RALC in the amount of the judgment to enable RALC to satisfy the judgment against it and in favor of the plaintiff.
On September 10, 2014, and September 15, 2014, the RALC defendants and the Lawrence County defendants, respectfully, each filed preliminary objections to the complaint for writ of mandamus (hereinafter, each, the “preliminary objections”). The RALC defendants and the Lawrence County defendants each argue that the complaint is legally insufficient pursuant to Pa.R.C.P. 1028(a)(4) and factually insufficient pursuant to Pa.R.C.P. 1028(a)(3). On September 12, 2014, the Commonwealth defendants filed the preliminary objections of the Commonwealth of Pennsylvania and Thomas Corbett to plaintiff’s complaint for writ of mandamus (hereinafter, “preliminary objections”). The Commonwealth defendants object to the complaint for lack of jurisdiction pursuant to Pa.R.C.P. 1028(a)(1), improper service pursuant to Pa.R.C.P. 1028(a)(1), absolute immunity pursuant to Pa.R.C.P. 1028(a)(4), failure to establish a right to relief pursuant to Pa.R.C.P. 1028(a)(4); and insufficient specificity pursuant to Pa.R.C.P. 1028(a)(3). Each party filed briefs in support of its respective position, and on January 26, 2015, this court held oral argument on each of the defendants’ preliminary objections. The court will analyze each group of defendants’ preliminary objections seriatim.
*19 The RALC defendants’ first preliminary objection is in the nature of a demurrer. The standard of review for a preliminary objection in the nature of a demurrer is as follows:
A preliminary objection in the nature of a demurrer admits as true all well-pled material, relevant facts and every inference fairly deducible from those facts. The pleader’s conclusions or averments of law are not considered to be admitted as true by a demurrer. Since the sustaining of a demurrer results in a denial of the pleader’s claim or a dismissal of his suit, a preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim upon which relief may be granted. If the facts as pleaded state a claim for which relief may be granted under any theory of law, there is sufficient doubt to require the preliminary objection in the nature of a demurrer to be rejected.
Baker v. Central Cambria School Dist., 24 A.3d 488, 492 n.6 (Pa. Cmwlth. 2011) (citing Palmer v. Bartosh, 959 A.2d 508, 512 n.2 (Pa. Cmwlth. 2008) (internal citations omitted)). The RALC defendants argue that the plaintiff failed to meet the criteria necessary to establish a clear right to mandamus relief/4 [M] andamus is an extraordinary writ which lies to compel the performance of a ministerial act or a mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy.” South Whitehall Tp. v. Com., Dept. of Transp., 316 A.2d 104, 105 (Pa. Cmwlth. 1974). “Mandamus does not lie to compel the performance of discretionary acts except where the exercise or non-exercise of discretion is *20 arbitrary, fraudulent, or based upon a mistaken view of the law.” Valley Forge Racing Ass ’n, Inc. v. State Horce Racing Commission, 297 A.2d 823, 825 (Pa. 1972). “It is a fundamental principle that mandamus will not issue, as a rule, where it is apparent that the writ will be futile or ineffectual by reason of the inability of the respondent to comply therewith.” Com. ex rel. McLaughlin v. Erie County, 100 A.2d 601, 604 (Pa. 1953).
In the complaint, the plaintiff has sufficiently pleaded a right to mandamus relief. The plaintiff has established it has a right to receive a valid final judgment from RALC in the amount of $54,591.95. RALC does not dispute that it has a duty to pay the award of damages to the plaintiff. The plaintiff, as property owner who was awarded damages in a condemnation proceeding, may seek a writ of mandamus to compel payment on the judgment. Alberts v. Urban Redevelopment Authority of Pittsburgh, 277 A.2d 361, 362 (Pa. Cmwlth. 1971). Lastly, the plaintiff has no other appropriate remedy at law to compel the performance of the RALC defendants to pay the award of damages. Therefore, the plaintiff can satisfy each prerequisite to a claim for mandamus relief.
Notwithstanding the above, the RALC defendants argue that issuing a writ of mandamus would be futile because RALC has no funds or assets from which it could derive the funds to pay the judgment against it. The RALC defendants also argue that the complaint fails to aver any means by which RALC could undertake to obtain a loan without such assets, which would render a writ of mandamus to be ineffectual. However, as the Supreme Court of Pennsylvania stated in McLaughlin, “Although want of funds may not be conclusive ground against *21 issuing the writ, and may not always prevent such issuance, the court in its discretion may refuse the remedy if it is satisfied that the respondent has not the necessary money or the means of procuring it to comply with the mandate.” 100 A.2d at 604. Therefore, the inability of RALC to pay the judgment is a factor, rather than a conclusive ground, for the court to consider when deciding whether to issue the writ of mandamus.
Further, the court notes that the RALC defendants’ assertions appear in preliminary objections, which are devoid of a notice to plead therein. As stated above, the ability to obtain financing is for the court to consider when deciding whether to issue a writ of mandamus, and the RALC defendants have not properly established this fact. The court cannot rely on an allegation contained in preliminary objections that it would be futile for the RALC defendants to obtain the appropriate financing when the RALC defendants have not set forth what attempts they have made to obtain financing. See Com. ex rel. Alessandroni v. Borough of Confluence, 234 A.2d 852, 853 (Pa. 1967) (“There is no indication in the pleadings that appellants have exhausted every possible avenue in an effort to find some way of financing this...construction”). As a result, the RALC defendants’ preliminary objection in the nature of a demurrer is overruled.
In the second preliminary objection, the RALC defendants argue that pursuant to Pa.RC.P. 1019(a), the complaint lacks sufficient specificity in that it fails to identify which acts the RALC defendants must undertake to provide the requested relief. Specifically, the RALC defendants argue that the plaintiff failed to aver an available source of funding, loan, grant, or other financial *22 assistance RALC could receive which would enable it to pay the judgment against it. Rule 1019 provides the necessary contents of a pleading in a civil action. Rule 1019(a) provides, “The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.” Pa.R.C.P. 1019(a). It is not the plaintiff’s burden to establish how it is to be paid. Pragmatically, the plaintiff would not have the necessary information to aver those facts. The plaintiff can obtain information on the accounting statements of RALC and additional information regarding past avenues RALC undertook to obtain funds through the discovery process. The complaint sets forth sufficient facts to enable the RALC defendants to prepare a defense as required under Rule 1019. As a result, the plaintiff has sufficiently pleaded the facts necessary to seek mandamus relief.
Additionally, the RALC defendants argue that the plaintiff has failed to establish that they have refused to perform their duty. The Commonwealth Court of Pennsylvania has explained that prior to filing an action in mandamus, a plaintiff must “discharge all prerequisites!)]” Bruhin v. Kassab, 317 A.2d 58, 60 (Pa. Cmwlth. 1974). Namely, a plaintiff must aver that it made a demand and the defendant has refused to perform the act required of him. Here, the RALC defendants argue that they have not refused to perform the duty, but are merely incapable of performing it. The RALC defendants argue that the plaintiff must first identify a source of funds available to RALC, and then the plaintiff must make a demand upon RALC to pay the judgment. The court disagrees. Under the same reasoning as stated above, this is not the plaintiff’s burden. Such evidentiary matters may be obtained through *23 discovery. The plaintiff has averred in the complaint that the plaintiff has made a demand upon RALC and RALC has refused payment. See complaint ¶ 24. This is sufficient for the instant purposes. As party need only plead facts, which are sufficient to enable the other party to prepare a defense, the RALC defendants have sufficiently been placed on notice. See Baker v. Rangos, 324 A.2d 498 (Pa. Super. 1974). The RALC defendants’ preliminary objections are, therefore, overruled.
Next, the Lawrence County defendants also filed preliminary objections to the complaint in the nature of a demurrer. The Lawrence County defendants argue that the plaintiff cannot satisfy the prerequisites of a claim for mandamus relief because the plaintiff has an adequate remedy at law. As stated above, before being granted a writ of mandamus, a plaintiff must prove that there exists no other adequate remedy at law. See, e.g, Maute v. Frank, 670 A.2d 737, 739 (Pa. Cmwlth. 1996). Here, the plaintiff’s claim against the Lawrence County defendants derives, inter alia, from a duty established in the guaranty agreement between the defendant Lawrence County, LCEDC, and RALC. According to the guaranty agreement, LCEDC guaranteed, through its taxing power, to secure a bond for the appeal in connection with the condemnation of the plaintiffs’ property. The plaintiffs argue that RALC is entitled to receive funds from the payment guaranteed by LCEDC, which then would be used to pay the judgment in favor of the plaintiff. This claim sounds in contract. The plaintiff is attempting to enforce the guaranty agreement as a third party beneficiary to the agreement. As the plaintiff has an adequate legal remedy against the Lawrence County defendants, and in fact, the plaintiff has initiated *24 a civil action against the Lawrence County defendants, a writ of mandamus cannot lie. Therefore, the Lawrence County defendants’ preliminary objection in the nature of a demurrer is sustained.
Lastly, the Commonwealth defendants filed a number of preliminary objections to the complaint. First, the Commonwealth defendants argue that this court does not have jurisdiction in the instant case because the Commonwealth Court of Pennsylvania has exclusive and original jurisdiction in cases against the Commonwealth that seek equitable relief therefrom. Generally, all cases against the Commonwealth shall be brought in the Commonwealth Court of Pennsylvania. 42 Pa.C.S.A. § 761(a)(1). There are five exceptions to this general rule, one of which is eminent domain proceedings. 42 Pa.C.S.A. § 761(a)(1)(h). The instant case derives from actions pursuant to the eminent domain code. As a result, this court has original jurisdiction. The Commonwealth defendants’ preliminary objection to the jurisdiction of this court is overruled.
The Commonwealth defendants’ next preliminary objection is in the nature of a demurrer, which argues that the plaintiff cannot maintain an action against the Commonwealth defendants because they enjoy absolute immunity. In Count III of the complaint, the plaintiff demands mandamus relief against the Commonwealth defendants because the plaintiff argues that RALC at all times was acting as an agent of the Commonwealth. Because of this, the plaintiff argues that the Commonwealth defendants are obligated, and the plaintiff seeks to compel the Commonwealth to, provide RALC with the necessary aid to satisfy the judgment against it. The court disagrees.
*25 Pursuant to the Urban Redevelopment Law, 35 P.S. § 1701 et seq., the redevelopment authorities shall “operate for the public purposes of the elimination of blighted areas through economically and socially sound redevelopment of such areas[.]” The redevelopment authorities were given various powers to fulfill this policy, including, inter alia, “[t]o acquire by eminent domain any real property[.]” 35 P.S. § 1709(i). Although being granted such powers to act within the city or county, the redevelopment authorities “shall in no way be deemed to be an instrumentality of such city or county, or engaged in the performance of a municipal function.” 35 P.S. § 1704(a). Instead, “[a]n authority under the Urban Redevelopment Law is an agent of the Commonwealth and not of the local government body.” Herriman v. Carducci, 380 A.2d 761, 763 (Pa. 1977).
Generally, the Commonwealth and its officials enjoy the protection of sovereign immunity, unless immunity is explicitly waived by statute, if the officials are acting within the scope of their duties.[1] 1 Pa.C.S.A. § 2310. The Sovereign Immunity Act provides for nine exceptions to the Commonwealth’s sovereign immunity. 42 Pa.C.S.A § 8522. Under the instant circumstances, immunity has not been waived by the general assembly. However, the plaintiff argues that the Commonwealth defendants must provide funding to RALC based upon a mandatory duty derived from 35 P.S. §1718. This section provides as *26 follows:
In addition to the powers conferred upon an Authority by other provisions of this act, an Authority is empowered to borrow money or accept grants or other financial assistance from the government, for or in aid of any of its operations. It is the purpose and intent of this act to authorize every Authority to do any and all things necessary or desirable to secure the financial aid or cooperation of the government in any of its operations.
35P.S.§1718. Based upon its plain language, this section empowers a redevelopment authority to act to obtain appropriate financing in order for the authority to perform in furtherance of its purpose. This section does not order the Commonwealth to fund a redevelopment authority to a certain extent. As a result, there is no mandatory duty upon the Commonwealth to fund RALC based upon this Section.
A Commonwealth party may be subject to an action seeking mandamus relief; however, an action in mandamus against a Commonwealth party cannot lie when a party seeks to compel the Commonwealth party to act or obtain money damages from the Commonwealth. Sears v. Corbett, 49 A.3d 463, 471 (Pa. Cmwlth. 2012). Under those circumstances, sovereign immunity applies. Here, the plaintiff states in the complaint that the Commonwealth defendants must “provide funding to the RALC in the amount of $54,591.95 plus interest accrued on the unpaid award and attorneys’ fees and costs to satisfy the liabilities owed to plaintiffs incurred by the RALC[.]” Complaint, ¶13. Clearly, the plaintiff is seeking to compel the Commonwealth defendants to allocate *27 money to RALC in order to enable RALC to satisfy the judgment against it. Sovereign immunity protects the Commonwealth defendants against the issuance of this writ. The Commonwealth Court in Sears “indicated that the amount of funds appropriate by the general assembly and the purposes for which those funds are dedicated are matters of legislative discretion.” 49 A.3d at 472. As a result, the Commonwealth defendants cannot be parties to this action. The Commonwealth defendants’ preliminary objection in the nature of a demurrer is sustained.[2]
ORDER OF COURT
And now, this 20th day of April, 2015, this case being before the court for oral argument on January 26, 2015, regarding preliminary objections to the complaint filed on behalf of the defendants, with Michael K. Parrish, Esquire, appearing and representing the plaintiffs, and Samuel Kamin, Esquire, appearing and representing defendants Redevelopment Authority of Lawrence County, Jon Natale, Vince Fuleno, W. Ryan Kegal, Frank Telesz, Dennis Alduk, and James Gaglione, Jr., Thomas Leslie, Esquire, appearing and representing defendants Lawrence County, Dan Vogler, Steve Craig, and Robert Del Signore, and Scott A. Bradley, Esquire, appearing and representing defendants the Commonwealth of Pennsylvania and Thomas Corbett, and upon consideration of the applicable record, the court hereby orders and decrees as follows:
1. The preliminary objections filed on behalf of defendants Redevelopment Authority of Lawrence *28 County, Jon Natale, Vince Fuleno, W. Ryan Kegal, Frank Telesz, Dennis Alduk, James Gaglione Jr., are hereby overruled pursuant to the attached opinion.
2. Defendants Redevelopment Authority of Lawrence County, Jon Natale, Vince Fuleno, W. Ryan Kegal, Frank Telesz, Dennis Alduk, James Gaglione Jr., are hereby ordered to file a responsive pleading to the complaint within twenty (20) days this order of court is filed.
3. The preliminary objection filed on behalf of defendants Lawrence County, Dan Vogler, Steve Craig, and Robert Del Signore in the nature of a demurrer is hereby sustained pursuant to the attached opinion.
4. Count II of the complaint is hereby stricken and defendants Lawrence County, Dan Vogler, Steve Craig, and Robert Del Signore are hereby dismissed as defendants from this action.
5. The preliminary objection in the nature of a demurrer filed on behalf of the Commonwealth of Pennsylvania and Thomas Corbett is hereby sustained pursuant to the attached opinion.
6. Count III of the complaint is hereby stricken and defendants the Commonwealth of Pennsylvania and Thomas Corbett are hereby dismissed as defendants from the action.
7. The prothonotary shall provide a copy of the order of court to counsel of record in accordance with the provisions of Pa.R.C.P. 236 and Rule L236.

. The Commonwealth defendants note that plaintiffs in general are barred from requesting equitable relief in the nature of declaratory judgment and injunctive relief against the Commonwealth and its Commonwealth agencies and officers. The court agrees with this argument; however, it is irrelevant to the instant case. The plaintiffs’ claim against the Commonwealth defendants is for a writ of mandamus, which mainly involves a remedy in law.

. Because the court sustained the preliminary objection against both Commonwealth defendants, the claim against the Commonwealth defendants must be dismissed, and this court will not address the remaining contentions.