Pittsburgh Metal Lithographing Company, Inc., Appellant, *v.* Sovereign Corporation.

Argued September 15, 1971. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*G. W. Wilde,* for appellant.

*Murray S. Levin,* with him *K. Robert Conrad* and *John B. H. Carter,* for appellee.

OPINION BY WATKINS, J., November 11, 1971:

This is an appeal by the Pittsburgh Metal Lithographing Company, Inc., the plaintiff-appellant, from

the order of the Court of Common Pleas, Civil Division, of Philadelphia County, which granted the demurrer of Sovereign Corporation and National Can Corporation, the defendant-appellees, to that part of its complaint that set forth an oral agreement.

Appellant's complaint stated that appellant and appellee entered into a lease agreement in June, 1967, for 14,000 square feet area adjoining appellant's manufacturing building. The lease was to extend for a term of ten years for the rental stated therein. Also, alleged is that the appellant and appellee entered into a verbal agreement whereby appellant would furnish all of the needs of the appellee in regard to lacquered plate for use in appellee's business; that the appellant pursuant to the lease agreement and the oral contract constructed the additional space required by appellee and purchased and installed additional equipment needed to produce the lacquered plate for appellee; that appellee assigned its interest in the lease to National Can Corporation which then discontinued all operations on the leased premises and discontinued purchasing lacquered plate from the appellant.

The appellees filed preliminary objections to the complaint in the form of a demurrer to the alleged oral contract, contending that the oral contract fell within the Statute of Frauds in that it was a contract for the sale of personalty in excess of $500.00, and therefore, was required to have been in writing under the provisions of the Pennsylvania Uniform Commercial Code, 12A §2-201. The preliminary objections also requested more specific pleadings on the part of the appellant as to interference with the manufacturing operations of the appellant in violation of the lease and also as to special damages claimed by the appellant.

After argument, the court below entered the following order:

"ORDER"

"AND NOW, to wit, this 18 day of March 1971, it is hereby

"ORDERED that Defendant's demurrer to the Complaint insofar as it relates to the alleged verbal agreement is granted. It is further

"ORDERED that Defendant's Motion for a More Specific Pleading which will aver how Defendant has interfered with the manufacturing operations of the Plaintiff in violation of the lease is granted. It is further

"ORDERED that Defendant's Motion for a More Specific Pleading which will aver specific items of special damage and state the precise amount of damages claimed is granted.

"BY THE COURT:

"HIRSH, J."

Under the terms of the oral agreement between the parties the appellee would supply plate to the appellant who would then apply lacquer to the plate and return same to the appellee for a price. This agreement does appear to be a contract for the performance of a service and also for the sale of material and would, without more, apparently be barred by the Statute of Frauds provision of the Uniform Commercial Code, supra, which sets forth in part as follows: "(1) Except as otherwise provided in this section a contract for the sale of goods for the price of $500 or more is not enforceable by way of action or defense unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent or broker. A writing is not insufficient because it omits or incorrectly states a term agreed upon but the contract is not enforceable under this paragraph beyond the quantity of goods shown in such writing."

However, the statute goes further and sets forth an exception to the above which reads as follows: "(3) A

contract which does not satisfy the requirements of subsection (1) but which is valid in other respects is enforceable "(a) if the goods are to be specially manufactured for the buyer and are not suitable for sale to others in the ordinary course of the seller's business and the seller, before notice of repudiation is received and under circumstances which reasonably indicate that the goods are for the buyer, has made either a substantial beginning of their manufacture or commitments for their procurement: or"

The court below, in its order, granted the appellant the right to amend its complaint in all its phases with the exception of the oral agreement. There is a possibility that the oral contract may fall within the exception set forth above and under such circumstances the court below abused its discretion and should have permitted the right to amend generally as to all claims set forth in the complaint.

Order granting demurrer as to alleged verbal agreement is reversed and appellant is hereby given twenty (20) days within which to file an amended complaint in accordance with this opinion. The order is otherwise affirmed.