Edward Cook, President, County Commissioners of Schuylkill County, Pa. et al., Petitioners *v.* Commonwealth of Pennsylvania et al., Respondents.

Argued June 3, 1981, before President Judge
CRUMLISH and Judges ROGERS, BLATT, MACPHAIL and
PALLADINO.

*Richard Kirschner,* with him *Alaine S. Williams, Kirschner, Walters & Willig,* for petitioners.

*David H. Allshouse,* Deputy Attorney General, with him *Gregg H. S. Golden,* Deputy Attorney General, *Allen C. Warshaw,* Chief, Civil Litigation, and *LeRoy S. Zimmerman,* Attorney General, for respondents.

OPINION BY JUDGE MACPHAIL, July 27, 1981:

Petitioners[1] have filed a petition for review in the nature of a complaint in equity (hereinafter referred to as the complaint) pursuant to this Court's original jurisdiction as found in Section 761(a) of the Judicial Code, 42 Pa. C. S. §761(a). The action seeks to prevent the Respondents[2] from closing Locust Mountain State Hospital, a state general care hospital operated by the Commonwealth since 1923. Respondents have filed preliminary objections in the nature of a demurrer and a petition raising a question of jurisdiction.

An order of this Court entered June 9, 1981 has granted Petitioners a preliminary injunction.

Petitioners' complaint, the material facts of which are deemed to be admitted for the purpose of this decision, is set forth in three separate causes of action. The first cause of action alleges that the decision to close the hospital is in violation of Section 4 of the Act of May 11, 1923 (Enabling Act), P.L. 199, *as amended,*

---

[1] Petitioners are Edward Cook (President of the Schuylkill County Commission), John Reese (Mayor of Shenandoah), Martin Todd (President of the Hospital Board of Trustees), Senator James Rhoades, Representative Edward Lucyk, Donald Michaels and Council 13, American Federation of State, County and Municipal Employees, AFL-CIO.

[2] Respondents are the Commonwealth, Governor Richard Thornburgh, the Department of Public Welfare and the Secretary of Public Welfare, Helen O'Bannon.

35 P.S. §123. The second cause of action alleges a) that the decision to close the hospital violates Article I, Section 1 of the Constitution of Pennsylvania because it denies patients the right to enjoy life and liberty, and b) that the decision violates the 14th Amendment to the United States Constitution because it denies patients life and liberty without due process of Law. Petitioners' brief indicates that this second cause of action has been withdrawn, presumably in recognition of the decision of our Pennsylvania Supreme Court in *Bell v. Thornburgh*, 491 Pa. 263, 420 A.2d 443 (1980). The third cause of action alleges that the decision to close the hospital was made unilaterally without the agreement of the employees' bargaining representative.

### Petition Raising A Question of Jurisdiction

Respondents contend that the third cause of action charges them with an unfair labor practice. They argue that under statutory and case law, the exclusive forum for the adjudication of unfair labor practice disputes is the Pennsylvania Labor Relations Board. Section 1301 of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, 43 P.S. §1101.1301 states that:

> The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair practice listed in Article XII of this act. *This power shall be exclusive* and shall not be affected by any other means of adjustment or prevention that have been or may be established by agreement, law, or otherwise. (Emphasis added.)

In *Hollinger v. Department of Public Welfare*, 469 Pa. 358, 366, 365 A.2d 1245, 1249 (1976), our Supreme Court held that where a party seeks redress of an employer's conduct which arguably constitutes an unfair

labor practice under the provisions of PERA, jurisdiction is in the Pennsylvania Labor Relations Board "and nowhere else."

Council 13, American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME), the bargaining representative for various maintenance and clerical and human services employees employed at the hospital contends that notwithstanding the obvious administrative remedy afforded by PERA, this Court should nevertheless retain jurisdiction of the case because the pursuit of their statutory remedy is both inadequate and incomplete. *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977).

While there may be circumstances where such a rule might apply in an unfair labor practice case, AFSCME cites no case where a Court of this Commonwealth has so ruled and our research has disclosed none. It is our opinion that the legislature in enacting PERA was making a conscious effort to remove labor disputes from the judicial arena until all other possibilities for the resolution of the dispute have been exhausted. There are no facts recited in the instant case which would require this Court to usurp the exclusive jurisdiction vested in the Pennsylvania Labor Relations Board by the legislature for the determination of unfair labor practice charges.

Therefore, we will sustain the Respondent's preliminary objection in the nature of a petition raising a question of jurisdiction as to the third cause of action.

### The Demurrer

In their demurrer, the Respondents maintain that the Petitioners have no standing to maintain this action and that the Secretary of Public Welfare has the authority to close the hospital notwithstanding the action of the hospital's board of trustees in opposing the closing.

As pleaded, there may be some question regarding the standing of some or all of the Petitioners to bring this action. Since such deficiencies probably could be remedied by an amended pleading, however, we will assume without deciding that the Petitioners have standing for the purpose of addressing the principal issue raised by the demurrer.

Briefs of counsel inform us that in 1916 Locust Mountain Memorial Hospital was constructed with funds donated by anthracite coal miners from the Shenandoah area. In 1923, the General Assembly enacted legislation which authorized the trustees of the hospital to convey a deed for the hospital to the Commonwealth whereupon the name of the hospital was changed to Locust Mountain State Hospital. Section 3 of the Enabling Act, 35 P.S. §122, authorized the Governor to appoint a board of trustees "to manage the affairs of said hospital." The board of trustees was denominated as a "departmental administrative board within the Department of Welfare" with authority to adopt rules and regulations for the government of the hospital subject to the approval of the Secretary of Public Welfare. The legislation went on in Section 4 of the Enabling Act to provide that the trustees should have "full charge and supervision of said hospital and its affairs" but that it would be subject to the laws of the Commonwealth which limit the powers of departmental administrative boards with regard to the expenditure of money and which prescribe the duties of departmental administrative boards with respect to the filing of financial reports.

The complaint alleges that the Board of Trustees (Board) of the hospital has adopted a resolution opposing the proposed closing of the hospital. Petitioners argue in their brief that in view of that action, the hospital cannot be closed absent legislative action by the General Assembly. The position of the Petitioners

is that since the hospital came into being via the legislative route, only the legislature can close it if the Board wants to keep it open. The requirement of legislative action, however, is *not* set forth in the complaint and thus will not be decided here.

Respondents argue that the Board, while vested with the management of the hospital, has no control over the ultimate decision of whether there will be a hospital to manage.

It does seem from the plain meaning of the words in the statute that most of the power of the Board is subject to the control of state authorities. As we have noted, the Board is a departmental administrative board within the Department of Public Welfare and all rules and regulations adopted by the Board are subject to the approval of the Secretary of Public Welfare who is also an ex officio member of the Board. The members of the Board are appointed by the Governor. The compensation of employees must conform with standards established by the Executive Board of the Commonwealth. Expenditures authorized by the Board must conform with the budget limitations adopted by the legislature. In summary, it appears that the broad power of the Board to have "full charge and supervision" of the hospital is, by other language in the Enabling Act, restricted to the management of the internal affairs of the hospital as they relate to the day-to-day functions of the hospital.

A somewhat similar situation was presented to this Court in *Preston v. Philadelphia,* 26 Pa. Commonwealth Ct. 106, 362 A.2d 452 (1976). There it was argued that the Mayor of Philadelphia could not unilaterally close the Philadelphia General Hospital because, *inter alia*, the Mayor and the board of trustees of the hospital had equal status. Judge ROGERS, writing for our Court, held that such a position was "untenable" in view of the fact that the Mayor appointed

the members of the Board *and* that the Board was a departmental board subject to the general supervision of the Department of Health. We believe that the logic and the reasoning in that case is equally applicable to the one now before us.

Accordingly, we must conclude that the resolution of the Board opposing the closing of Locust Mountain State General Hospital is ineffective to prevent such closing. Since that is the sole basis for relief pleaded in the first cause of action, we will sustain the Respondents' demurrer.

## Conclusion

Petitioners having withdrawn their second cause of action and this Court being of the opinion that the Respondents' demurrer to the first cause of action must be sustained and that the petition raising a question of jurisdiction as to the third cause of action must also be sustained, the complaint will be dismissed.

### Order

And Now, this 27th day of July, 1981, the preliminary objections of the Respondents are sustained and the Petitioners' complaint is dismissed. The preliminary injunction entered June 9, 1981, is herewith dissolved.

---

Dissenting Opinion by Judge Blatt:

I must respectfully dissent.

It seems to me that the majority should address the question of the standing of the petitioners to bring this action before addressing the merits of the demurrer, for we should first determine whether or not any one or more of the parties can qualify with a sufficient interest to assert the cause of action before we proceed further.

In addition, I believe that, because the dismissal of a case of this significance on a technicality is inadvisable, we should expressly grant the petitioners leave to amend their petition for review under Pa. R.C.P. No. 1033 so as to remedy, if possible, any problems with their standing to sue and then to include, if they so desire, the contention raised at length in their brief that legislative authorization is necessary before the hospital concerned here can be closed. *See Flinn v. Pittenger,* 19 Pa. Commonwealth Ct. 54, 338 A.2d 735 (1975); *Pittsburgh Metal Lithographing Co. v. Sovereign Corp.,* 220 Pa. Superior Ct. 219, 283 A.2d 714 (1971).