Northeastern Educational Intermediate Unit No. 19, Petitioner *v.* Commonwealth of Pennsylvania, et al., Respondents.

Argued April 30, 1984, before Judges WILLIAMS, JR. and DOYLE and Senior Judge BLATT, sitting as a panel of three. Reargued January 30, 1985, before President Judge CRUMLISH, JR. and Judges ROGERS, CRAIG, MACPHAIL, DOYLE, COLINS and PALLADINO.

*Paul L. Stevens*, with him, *Jeffrey T. Tucker* and *Ellis H. Katz, Curtin and Heefner*, for petitioner.

*Charles D. Shields, Jr.*, with him, *Alan Kohler* and *James L. McAneny*, for respondents.

OPINION BY JUDGE DOYLE, March 21, 1985:

The Northeastern Educational Intermediate Unit No. 19 (NEIU) appeals from the Auditor General's report which contained an audit of NEIU's finances for the 1979-80 through 1981-82 school years.

NEIU is an intermediate educational unit established under Article IX-A of the Public School Code of 1949 (School Code)[1] to provide educational services to the resident students of Lackawanna, Wyoming, Wayne and Susquehanna counties. On September 21, 1983, the Auditor General issued an audit of NEIU's finances pursuant to Section 403 of the Fiscal Code.[2] The report identified numerous deficiencies in the management, fiscal, and account procedures of NEIU,[3] and recommended that corrective measures be taken by both the Board of NEIU and the Department of Education (Department). NEIU petitioned this Court on the grounds that the Auditor General exceeded his statutory authority in preparing the audit report, that the procedures used by the Auditor General violated NEIU's due process rights, and that the findings contained in the report were biased, discriminatory, and erroneous.

On August 15, 1984, this court filed an opinion and order in which we quashed the appeal, holding that the audit report was not an adjudication for purposes of appeal. Thereafter, this court granted a petition for reargument, and the matter was heard before the Court en banc on January 30, 1985.

---

[1] Sections 901-A to 924-A of the Act of March 10, 1949, P.L. 30, *as amended*, added by Section 1 of the Act of May 4, 1970, P.L. 311, *as amended*, 24 P.S. §§9-951 to 9-974.

[2] Act of April 9, 1929, P.L. 343, *as amended*, 72 P.S. §403.

[3] Among the deficiencies identified were failure of NEIU to recover over $600,000.00 in tuition and transportation costs provided to out-of-state students; misallocation of funds earmarked for special education programs; failure to comply with state and federal regulations regarding proper bidding procedures; lease of space which was inaccessible; unauthorized and inadequate control over expenditures relating to the operation of a greenhouse; and expenditures for services of a special consultant who was never approved by the board of NEIU.

The present case is controlled by our decision filed this same day in *School District of Lancaster v. Office of Auditor General (Lancaster II)*, 88 Pa. Commonwealth Ct. 300, 489 A.2d 963 (1985), which held that a report from the Auditor General recommending the withholding of future subsidies from school districts is not an adjudication. *Lancaster II* overruled our previous decision in *School District of Lancaster v. Department of Education (Lancaster I)*, 73 Pa. Commonwealth Ct. 246, 458 A.2d 1024 (1983), and noted that under the School Code it was the Department of Education rather than the Auditor General which has been given the statutory authority for issuing a final order affecting the property rights of the subject school district. 88 Pa. Commonwealth Ct. 300, 489 A.2d at 965-6 (1985).

As in the case of school districts, the School Code gives the Auditor General no independent authority to affect the property rights of intermediate units such as NEIU. The Auditor General's authority extends only to the issuing of recommendations which are subject to final approval by the Department of Education. Such recommendations do not constitute a final order, and cannot be considered an adjudication for purposes of appeal to this Court.

For this reason we shall let stand our previous order of August 15, 1984, in which we quashed the present appeal.

ORDER

Now, March 21, 1985, the previous order of this Court dated August 15, 1984 is confirmed. The appeal of the NEIU is quashed.

Judge WILLIAMS, JR., did not participate in the decision in this case.