Mildred Flinn, Marjorie A. Handlow, Audrey J. Yanke and Elizabeth J. Bencho, Plaintiffs, *v.* John C. Pittenger, Secretary of Education, Defendant, and Max H. Homer, Intervening Defendant.

Argued March 4, 1975, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*Larry P. Gaitens,* with him *Lucchino, Gaitens &
Hough,* for plaintiffs.

*Norman J. Watkins,* Deputy Attorney General, with
him *Lawrence Silver,* Deputy Attorney General, and
*Robert P. Kane,* Attorney General, for defendant.

*Jerome H. Gerber,* with him *James L. Cowden,* and
*Handler, Gerber & Weinstock,* for intervening defendant.

OPINION BY JUDGE ROGERS, May 13, 1975:

On September 27, 1973, the defendant, Secretary of
Education, John C. Pittenger (Secretary), issued a letter
certifying the intervening defendent Max H. Homer to

be qualified to hold the office of district superintendent in the public schools of the Commonwealth. Homer applied for the position of District Superintendent of the Sto-Rox School District in Allegheny County and was elected to that office. On September 11, 1974, the plaintiffs, Mildred Flinn, Marjorie A. Handlow, Audrey J. Yanke and Elizabeth J. Bencho, residents and taxpayers of the Sto-Rox School District, filed a complaint in equity against the Secretary challenging the lawfulness of his action of certifying Homer's eligibility. The defendant and the intervening defendant have filed preliminary objections now before us for disposition.

The suit is founded on Section 1003 of the Public School Code, *as amended,* Act of March 10, 1949, P.L. 30, 24 P.S. §10-1003 (Supp. 1974-1975) which provides in pertinent part:

"No person shall be eligible for election or appointment as a district . . . superintendent, unless—

"(1) He holds a diploma from a college or other institution approved by the Department of Public Instruction;

"(2) He has had six (6) years' successful teaching experience, not less than three of which shall have been in a supervisory or administrative capacity;

"(3) He has completed in a college or university a graduate course in education approved by the Department of Public Instruction."

. . . .

The plaintiffs allege that Homer was not possessed of the three years' supervisory or administrative experience required by the statute and that either Homer misrepresented his qualifications or the Secretary accepted other experience in lieu of that which was prescribed by the statute. They contend that the Secretary's action violated the statute and seek our order directing the Secretary to revoke the certificate. The plaintiffs' theory is that the issuance of the certificate to those possessing the

qualifications prescribed by the statute is a purely ministerial, not a discretionary, duty.

The defendants' preliminary objections are principally: (1) that the Secretary's action in granting the certificate was an adjudication subject to attack by appeal under the Administrative Agency Law, Act of June 4, 1945, P.L. 1388, *as amended,* §2(a), 71 P.S. §1710.2(a) (Supp. 1974-1975), and §41, 71 P.S. §1710.41, an available and adequate remedy not pursued, and (2) that the plaintiffs have an adequate remedy at law foreclosing their pursuit of their cause in equity.

It seems clear to us that the Secretary's duty with respect to the issuance or refusal to issue the certificate evidencing eligibility to persons meeting the qualifications set out in Section 1003 of the Public School Code is purely ministerial, that is, an act the Secretary is required to perform on a given state of facts in obedience to the mandate of the Act. *Rose Tree Media School District v. Department of Public Instruction,* 431 Pa. 233, 244 A.2d 754 (1968). Being ministerial, it was nonadjudicative and not subject to judicial review. *See, e.g., Fricchione v. Department of Education,* 4 Pa. Commonwealth Ct. 288, 287 A.2d 442 (1972); *Manheim Township School District v. State Board of Education,* 1 Pa. Commonwealth Ct. 627, 276 A.2d 561 (1971). Therefore, the remedy of appeal from the Secretary's action was not available.

In support of the preliminary objection that the plaintiffs have an adequate remedy at law, the defendants contend that the purpose of the suit is to test Homer's title to his office as superintendent of the Sto-Rox School District and that the proper, available and adequate remedy is quo warranto. While the ouster of Homer from office may be the plaintiffs' ultimate objective, their complaint is solely directed to the Secretary's alledgedly improper certification and does not seek Homer's ouster. Quo warranto would not, we believe, afford an adequate

remedy for the injury claimed. However, a challenge to the Secretary's certification, being, as we have held, a ministerial, nonadjudicatory act, could properly be raised, at law, in mandamus. *See, e.g., Valley Forge Racing Association v. State Harness Racing Association,* 449 Pa. 292, 297 A.2d 823 (1972) ; *Fricchione v. Department of Education, supra.* Indeed the plaintiffs' brief contains the following statement: ". . . if a State official in performing a ministerial act does not require discretion and violates the law, the appropriate remedy is for the appellant (sic) to bring an action in mandamus to compel the proper action of the Secretary."

However, in mandamus, as in quo warranto, only the Attorney General or the District Attorney have standing to sue unless private litigants seeking relief allege an interest distinct from one shared with the general public. *Dombrowski v. Philadelphia,* 431 Pa. 199, 245 A.2d 238 (1968) ; *Dorris v. Lloyd* (no. 1), 375 Pa. 474, 100 A.2d 924 (1953), *cert. denied* 347 U.S. 936 (1954) ; *Bruhin v. Kassab,* 12 Pa. Commonwealth Ct. 455, 459, 317 A.2d 58, 60 (1974) ; *See* Act of June 8, 1893, P.L. 395, §§ 3 and 4, 12 P.S. §§ 1913 and 1914; Pa. R.C.P. Nos. 1091-1099. The instant complaint neither reveals that the plaintiffs have such a distinct interest nor does it aver a request of and refusal by the Attorney General to institute suit. Therefore, it would be premature for us to apply the rule announced in *League of Women Voters v. Lower Merion Township Board of Commissioners,* 451 Pa. 26, 301 A.2d 797 (1973), that equity will afford a remedy to private litigants without the requisite distinct interest where quo warranto is otherwise unavailable because the Attorney General and District Attorney have refused to bring the action at the plaintiffs' request. Since the plaintiffs here may, under the principle of *League of Women Voters, supra,* be able to state a cause of action in equity, we believe that the following is an appropriate:

## Order

And Now, this 13th day of May, 1975, the defendant's preliminary objections in the nature of demurrers are sustained with leave to the plaintiffs to file an amended complaint within sixty (60) days from the entry hereof.