419 A.2d 1174

CENTENNIAL SCHOOL DISTRICT

v.

COMMONWEALTH, DEPARTMENT OF EDUCATION,
Appellant.

CENTENNIAL SCHOOL DISTRICT

v.

COMMONWEALTH, DEPARTMENT OF EDUCATION.

Supreme Court of Pennsylvania.

July 21, 1980.

Reargument Denied Aug. 25, 1980.

Edward G. Biester, Jr., Atty. Gen., Phillip A. Ayers, Donna S. Weldon, Asst. Attys. Gen., for appellants.

John Philip Diefenderfer, Newtown, for appellee.

Persifor Oliver, Jr., Pittsburgh, for appellee Pittsburgh School Dist.

Paul L. Stevens, Morrisville, for appellee Pennsbury School Dist.

Michael I. Levin, Harrisburg, for amicus curiae Pa. School Boards.

## OPINION OF THE COURT

ROBERTS, Justice.

As a result of a teachers' strike during the 1976–77 school year, appellee Centennial School District provided its kindergarten and secondary students in grades seven through eleven 158 days of instruction, its elementary students 159.2 days and its twelfth grade students 177 days. Based on these numbers of days of instruction provided, the Commonwealth's Department of Education determined appellee district is entitled to a state basic instructional subsidy of $6,169,399.84. Appellee district disputed the Department's subsidy calculation. Appellee district claimed the Department should have calculated the subsidy as though 180 days of instruction had been provided. Appellee district sought a subsidy of $6,704,532.76, or $535,132.52 more than the Department determined to be proper. After a hearing, the Secretary of Education sustained the Department's determination. On appeal, the Commonwealth Court agreed with appellee district that the Department erred in taking into account that less than the statutorily–mandated number of days of instruction had been provided, but held only that

"[a]ll future final subsidy payments shall be calculated" without regard to reduced instructional days. Cross–appeals, by allowance, followed from the Order of the Commonwealth Court at No. 494 C.D.1979.*

This case is governed by our opinions filed this day in *School District of Pittsburgh v. Commonwealth, Department of Education*, 492 Pa. ——, 422 A.2d 1054 (1980) and *Pennsbury School District v. Commonwealth, Department of Education*, Pa.Super. ——, 419 A.2d 1172 (J. 265b of 1980). As in those opinions, we hold that the Legislature here requires the Department, in calculating state subsidies, to take into account that a district has not provided the full, statutorily–mandated number of days of instruction. Accordingly we vacate the order of the Commonwealth Court at No. 494 C.D.1979 and reinstate the order of the Secretary of Education.

Order of the Commonwealth Court at No. 494 C.D.1979 vacated and order of the Secretary of Education reinstated. Order at No. 1631 C.D.1978 affirmed.

LARSEN, J., files a dissenting opinion in which KAUFFMAN, J., joins.

LARSEN, Justice, dissenting.

I dissent for the reasons set forth in my dissenting opinion in *School District of Pittsburgh v. Commonwealth, Department of Education*, Nos. 80–1–72 and 80–3–488, 492 Pa. ——, 422 A.2d 1054 (1980).

KAUFFMAN, J., joins in this Dissenting Opinion.

* Centennial School District also appeals from the Order of the Commonwealth Court at No. 1631 C.D.1978 dismissing an original action Centennial initiated challenging the Department's subsidy calculation. The Commonwealth Court dismissed the action on the ground that Centennial failed to pursue its action. Because of our view of the merits, we need not consider or disturb the Commonwealth Court's disposition.