School District of Lancaster, Petitioner *v.* Commonwealth of Pennsylvania, Department of Education, Respondent.

Argued January 31, 1983, before Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Robert M. Frankhouser, Jr., Hartman, Underhill & Brubaker,* for petitioner.

*Phillip A. Ayers,* Counsel, with him *Michael A. Davis,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, April 5, 1983:

In accordance with the mandate of Section 403 of the Fiscal Code,[1] the Auditor General of the Commonwealth of Pennsylvania caused to be issued a financial audit of the affairs of the School District of Lancaster County for the fiscal years ended June 30, 1978 and June 30, 1979. Finding Number 1 of the Audit Report is as follows:

> *Finding No. 1—Forfeiture of $18,266 for Employing Noncertified Teachers*
>
> Our review of teacher certification for 1979-80, 1978-79 and 1977-78 disclosed one teacher was teaching with an expired certificate, one teacher was teaching in areas for which he was not properly certified and two teachers held no certificates. Certification irregularities cannot al-

---

[1] Act of April 9, 1929, P.L. 343, Art. IV, 72 P.S. §403.

ways be determined by this department from records retained in district offices. A list of teachers, whose certification was questioned, was presented to the Bureau of Teacher Certification, DE. Only those teachers, confirmed by that bureau as being improperly certified for their assignments were included in the calculations of the forfeiture. Accordingly, we calculated that the district is subject to a forfeiture of $18,266.

The number of teachers improperly certified and the applicable forfeiture by school year is detailed below:

| School Year | Number of Employees | Forfeiture |
|---|---|---|
| 1979-80 | 4 | $11,230 |
| 1978-79 | 2 | 4,211 |
| 1977-78 | 1 | 2,825 |
| Total Forfeiture | | $18,266 |

In calculating the amount of the forfeiture described above, the Audit Report makes express reference to Section 2518 of the Public School Code[2] which provides that any school district employing as a teacher a person who has not been certificated for the position by the Commonwealth Department of Education shall forfeit an amount equal to the minimum salary mandated by law for the position less the product of said salary and the aid ratio of the district.

The Audit Report, accompanied by an explanatory letter of the Auditor General dated January 2, 1981, was duly transmitted to the Governor of the Commonwealth of Pennsylvania, the Commonwealth Department of Education, and the Lancaster County

---

[2] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §25-2518.

Board of School Directors. By letter dated April 28, 1981, counsel for the school district made the following request of one Charles R. Poad, described as "Coordinator, Field Services, Division of Basic Education Fiscal Administration, Bureau of Budget and Management, Commonwealth Department of Education:"

> I believe that the auditor's recommendation [with respect to finding number 1] involves (in part) a situation similar to a problem which arose several years ago involving the Penn Manor School District and which was resolved amicably after a meeting with you. At your convenience, Dr. Charles R. Walker (Superintendent) and I would appreciate the opportunity to meet with you and hopefully this matter can be resolved.

Mr. Poad responded by letter dated September 4, 1981 instructing Dr. Walker, Superintendent of the Lancaster School District, that the procedure to be followed in the event the district believed the forfeiture to be unjustified was within "thirty days from the date of this letter . . . to request a meeting with the review committee." Apparently such a meeting with the review committee was requested and the request was granted. By letter dated December 23, 1981, Mr. Poad informed Dr. Walker that

> the review committee has evaluated the materials which you presented at the November 25, 1981 audit exception meeting.
>
> I am sorry to inform you that the audit finding will be upheld.

By Petition for Review filed January 21, 1982, the school district seeks review by this Court of the letter dated December 23, 1981, from Mr. Poad to the school district's superintendent of schools, Dr. Walker. The

Department contends responsively that the letter at issue is not an adjudication final or otherwise, from which an appeal can be taken and that the Department's role in the implementation of a basic subsidy forfeiture mandated by a report of the Auditor General is merely ministerial giving rise to no right of judicial review.

For the proposition that the performance by the Department of a ministerial duty is nonadjudicative and gives rise to neither the right to an evidentiary hearing nor the right to appellate review, the Department cites quite properly the case of *Flinn v. Pittinger,* 19 Pa. Commonwealth Ct. 54, 338 A.2d 735 (1975). *See also Styers v. Wade,* 30 Pa. Commonwealth Ct. 38, 372 A.2d 1236 (1977) *aff'd* 478 Pa. 631, 387 A.2d 666 (1978). Moreover, our opinion reported as *Pennsylvania Auditor General v. East Washington Borough,* 23 Pa. Commonwealth Ct. 382, 351 A.2d 687 (1976) describes the procedure that ought to have been followed by the school district in this case; namely, an appeal from the Auditor's report itself. As we clearly held in *East Washington Borough,* the Auditor's report is an adjudication within the intendment of the Administrative Agency Law[3] from which an appeal may be taken. Having failed to challenge the Audit Report and its Finding Number 1, the school district may not now complain that the Department has complied, as it was required to do, with the mandate of the report and the Public School Code.

Appeal quashed.

### ORDER

AND Now, this 5th day of April, 1983, the appeal of the Lancaster County School District in the above-captioned matter is hereby quashed.

---

[3] 2 Pa. C. S. §101.