School District of Lancaster, Petitioner v. Commonwealth of Pennsylvania, Office of the Auditor General, Respondent.

Argued November 17, 1983, before Judges CRAIG and DOYLE and Senior Judge BARBIERI, sitting as a panel of three. Reargued October 16, 1984, before President Judge CRUMLISH, JR. and Judges ROGERS, WILLIAMS, JR., MACPHAIL, DOYLE, BARRY and COLINS.

*Robert M. Frankhouser, Jr., Hartman, Underhill and Brubaker,* for petitioner.

*Charles D. Shields, Jr.,* with him, *James L. Mc-Aneny,* for respondent.

*Grace E. D'Alo,* Assistant Counsel, with her, *Mary M. Rogers,* Chief Counsel, for Amicus Curiae, Department of Education.

OPINION BY JUDGE DOYLE, March 21, 1985:

The School District of Lancaster (School District) has filed a petition for review with our Court seeking an order directing the Office of the Auditor General (Auditor General or Auditor) to conduct a hearing on the question of whether certain School District teachers had been properly certified.

The facts are not in dispute. On March 28, 1983, the Auditor General filed an audit report of the School District's financial statements for the 1980 and 1981 school years. The report concluded that the School District had employed four improperly certified teachers in 1980 and six improperly certified teachers in 1981, and therefore recommended that the Pennsylvania Department of Education (Department) withhold $25,689.00 in future education subsidies. The School District appealed to this Court, alleging that

the audit report's finding of improper teacher certification was not based on an evidentiary hearing, did not contain specific findings of fact and was unsupported by substantial evidence. On May 9, 1984 this Court filed a memorandum opinion in which we remanded, holding that the audit report was an adjudication subject to the notice and hearing requirements of Section 504 of the Administrative Agency Law, 2 Pa. C. S. §504.[1] In that opinion we relied upon our previous holding in *School District of Lancaster v. Department of Education (Lancaster I)*, 73 Pa. Commonwealth Ct. 246, 458 A.2d 1024 (1983), noting that neither party had asked that the merits of *Lancaster I* be reconsidered.[2] Thereafter the Auditor General filed an application for reargument, later joined by the School District, requesting argument on whether or not the Court should overrule its decision in *Lancaster I*. The application for reargument was granted, and the matter was then heard before the Court en banc.

The School District and the Auditor General have now filed a joint brief in which they argue that, contrary to our holding in *Lancaster I*, an audit report is *not* an adjudication because it contains no final order, but merely contains recommendations subject to final approval by the Department.

In *Lancaster I*, we quashed an appeal from the Department of Education's decision upholding the recommendations of an Auditor General's report, concluding that under our decision in *Pennsylvania Auditor General v. East Washington Borough*, 23 Pa. Commonwealth Ct. 382, 351 A.2d 687 (1976), it was the Auditor General's report itself that was the final order which should have been appealed, not the decision of the De-

---

[1] *School District of Lancaster v. Office of the Auditor General* (No. 1098 C.D. 1983, filed May 9, 1984), slip op. at 2.

[2] *Id.*, slip op. at 2 n.1.

partment. 73 Pa. Commonwealth Ct. at 250, 458 A.2d at 1026. A closer reading of the facts in *East Washington,* however, suggests that we misapplied its holding in reaching the *Lancaster I* decision.

The *East Washington* case dealt with the law applicable to police pension funds, under which apportionments of state revenues to local municipalities require that a warrant be drawn by the Auditor General.[3] Such a warrant constitutes a "requisition for payment" under Section 403 of The Fiscal Code,[4] which, in addition to authorizing the Auditor General to issue audit reports, gives the Auditor General the following duty:

> If at any time the [Auditor General's Office] shall find that any money received by any . . . public agency, has been expended for any purpose other than that for which it was paid, it shall forthwith notify the Governor, and *shall decline to approve any further requisition* for the payment of any appropriation, or any further portion of any State tax, to such . . . public agency, until an amount equal to that improperly expended shall have been expended for the purpose for which the money improperly expended was received from the State Treasury. (Emphasis added.)

Thus, in *East Washington* we reasoned:

> Based upon his determination that the funds were misappropriated, the Auditor General, pursuant to the mandate of Section 403 of the Fiscal Code, *declined to approve* any further payment of these tax revenues by the State Treasurer to Borough. The action of the Au-

---

[3] Section 2(a) of the Act of June 28, 1895, P.L. 408, *as amended,* 72 P.S. §2262(a).

[4] Act of April 9, 1929, P.L. 343, *as amended,* 72 P.S. §403.

ditor General was final, affected Borough's property rights, and was, therefore, an "adjudication" within Section 2 of the [Administrative Agency Law]. (Emphasis added.)

23 Pa. Commonwealth Ct. at 385, 351 A.2d at 688. It is clear from this language in *East Washington* that its holding that the Auditor's report was an adjudication rested upon the Auditor's exercise of his statutory authority to *decline to approve* a requisition for payment.

Unlike the law applicable to *East Washington,* the Public School Code of 1949 (School Code)[5] contains no provision requiring the issuance of warrants from the Auditor General in order to receive the payment of funds. Thus in the present case the Auditor General had no statutory authority to approve or disapprove the payment of state subsidies to school districts. Indeed, he took no such action, but merely made *recommendations* to the Department of Education that such subsidies be withheld. Section 2518 of the School Code,[6] which provides for the forfeiture of subsidies in the case of improper teacher certification, places upon the Secretary of the Department the duty of withholding the forfeited amount.[7] We must therefore conclude that it is the Department, rather than the Auditor General, which is given the statutory authority for issuing a final order affecting the property

---

[5] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§1-101 to 27-2702.

[6] 24 P.S. §25-2518.

[7] Section 2518 of the School Code states that "[t]he Superintendent of Public Instruction shall deduct [the forfeited] sum or sums from the amount of the Commonwealth appropriation otherwise due such district or intermediate unit under the provisions of this act." Reference to the Superintendent of Public Instruction is deemed to refer to the Secretary of Education under Section 3(b) of the Act of July 24, 1969, P.L. 181, 71 P.S. §1039(b).

rights of the local School District, and that therefore it is the Department's order from which an appeal should be taken.

This conclusion is further supported by the Department's own procedure, adopted pursuant to an official management directive,[8] and followed in this case, under which the School District challenged the recommendations of the Auditor's report and was granted a meeting with the Department's audit review committee before any action was taken by the Department to uphold the audit findings. Clearly such a quasi-judicial procedure would not have been necessary had the Auditor's report been considered the final order, since in such a case the Department would have had no discretion but to implement its recommendations.[9]

For these reasons we must conclude that our decision in *Lancaster I* incorrectly applied previous case law to the facts of that case. Insofar as that case holds that a report of the Auditor General recommend-

---

[8] Management Directive No. 305.1 Amended, issued by the Governor's Office on April 17, 1981, establishes a nine-step procedure to be followed by the Department in reviewing audit reports of local public educational agencies, and includes the creation of an Audit Review Committee.

[9] The Department has filed an amicus curiae brief in this case arguing that *neither* the Auditor General *nor* the Department has rendered an adjudication in the present case. The Department alleges that since the School District *admits* that its teachers were not certified, the Department had no discretion under Section 2518 of the School Code but to withhold the School District's subsidies. Thus, the Department characterizes its actions as purely ministerial in nature. This argument does not alter the fact, however, that it is the Department's duty to make the factual determination as to whether the teachers were properly certified. An admission by a party on this issue does not relieve the Department from adopting findings of fact based upon such admission, and thus cannot transform a discretionary act by the Department into one purely ministerial in nature.

ing withholding of future subsidies from school dis-. tricts is an adjudication, it is specifically overruled.

Since we have held that it is the Department of Education which has the authority to issue a final adjudication in this matter, we vacate our opinion and order of May 9, 1984, and dismiss the present appeal from the filing of the audit report.

ORDER

Now, March 21, 1985, the order of this Court in the above referenced matter, dated May 9, 1984, is hereby vacated. The appeal of the School District from the filing of the audit report by the Auditor General is hereby dismissed.

This decision was reached prior to the resignation of Judge WILLIAMS, JR.