**SHENANGO VALLEY REGIONAL CHARTER SCHOOL,**
Petitioner,

v.

**HERMITAGE SCHOOL DISTRICT and Sharon City School District,**
Respondents.

Commonwealth Court of Pennsylvania.

Argued June 8, 2000.

Decided July 31, 2000.

Ronald D. Amrhein, Jr., Sharon, for petitioner.

Mark A. Longietti, Sharon, for respondents.

Before COLINS, Judge, PELLEGRINI, Judge, and JIULIANTE, Senior Judge.

COLINS, Judge.

Shenango Valley Regional Charter School (Shenango Valley) petitions for review of the November 2, 1999 opinion and order of the State Charter School Appeal Board (Board). Of the two questions presented, the first is whether the Board's decision was timely; the second is whether the Board erred in refusing to accept additional evidence. We conclude the Board issued a timely decision and order and that the Board properly denied the request to supplement the record. Thus, the Board's order shall be affirmed.

The Hermitage School District, the Sharon City School District, and the Farrell School District[1] all denied the regional charter school application submitted by

---

1. Shenango Valley did not pursue an appeal of the denial of its regional charter school application by the Farrell School District.

Shenango Valley. The reasons for denial are as follows:

- Shenango Valley failed to show demonstrated, sustainable support by teachers, parents, and other community members and students;
- Shenango Valley failed to demonstrate capability, in terms of support and planning;
- Shenango Valley failed to provide the information required by Section 1719–A of the Charter School Law; and,
- Shenango Valley failed to demonstrate how it may serve as a model for other public schools.

The Hermitage School District denied the application for the following additional reasons:

- Shenango Valley did not demonstrate a need for a charter school;
- Shenango Valley failed to offer evidence of compliance with the ADA and the Individuals with Disabilities Act;
- Shenango Valley offered an insufficient curriculum;
- and, there were concerns about financing, implementation, and administration of the charter school.

The Court of Common Pleas of Mercer County confirmed the statutorily required sufficiency petition;[2] therefore, pursuant to Section 1717–A(i) of the Charter School Law,[3] 24 P.S. § 17–1717–A(i) Shenango Valley's appeal from the decisions of the

Sharon City School District and the Hermitage School District was filed with the Board.[4]

On August 18 and September 15, 1999 the Board met to consider Shenango Valley's appeal. On November 2, 1999, the Board rendered its decision affirming the local school boards' denial of application. In its opinion, the Board explained that additional evidence was refused because the evidence proffered was neither relevant nor probative. Based on the record created before the local school boards, the Board concluded that Shenango Valley failed to demonstrate sustainable support by teachers, parents, students, and other community members. Thus, the Board affirmed the local school boards' refusal to grant a charter application. Shenango Valley now appeals to this Court.

■ Initially we must set forth this Court's scope and standard of review. Since the Board is the administrative agency charged with exclusive review of an appeal of a local school board decision[5] not to grant an application, this Court's jurisdiction is appellate.[6] Therefore we shall affirm the determination unless this Court finds that the adjudication is in violation of constitutional rights, or is not in accordance with the law, or is not supported by substantial evidence. 2 Pa.C.S. § 704.

Initially, Shenango Valley argues that the Board's decision was untimely. It argues that the statutory language requires

---

2. Eligibility to take an appeal of the denial of a charter application is predicated upon the confirmation of a sufficiency petition by the court of common pleas of proper jurisdiction. The charter school applicant must file the sufficiency petition. The sufficiency petition must contain, *inter alia,* signatures of at least 2 percent of the residents of each school district granting the charter or of 1,000 residents from each of the school districts granting the charter, whichever is less, in addition to other statutorily required information. 24 P.S. § 17–1717–A(i)(2),(3).

3. Act of June 19, 1997, P.L. 225, 24 P.S. §§ 17–1701–A–17–1732–A.

4. The Board was constituted in the second week of June 1999.

5. Section 1717–A(h), (i)(1) of the Charter School Law, 24 P.S. § 17–1717–A(h), (i)(1).

6. The Commonwealth Court has exclusive jurisdiction of appeals from final orders of government agencies. 2 Pa.C.S. § 702; 42 Pa. C.S. § 763(a)(1). All decisions of Charter School Appeal Board are subject to review by Commonwealth Court. Section 1717–A(i)(10), 24 P.S. 17–1717–A(i)(10).

the Board to render a decision within 60 days of its initial meeting to consider the decision of a local school board. Shenango Valley asserts that herein the Board first met on August 18, 1999, and was required to render a decision within 60 days of that date. We find no basis in the Charter School Law to support that conclusion.

██ The Charter School Law requires the Board to meet and officially review the certified record within 30 days of acceptance of an appeal. Further, not later than 60 days thereafter a written decision shall be issued affirming or denying the appeal. Section 1717–A(i)(8) of the Charter School Law, 24 P.S. § 17–1717–A(i)(8). The Charter School Law mandates that once the Board renders its decision, the local school boards shall act swiftly and implement the decision of the Board. Section 1717–A(i)(9) of the Charter School Law, 24 P.S. § 17–1717–A(i)(9). The statute emphasizes that time is of the essence and directs the local school boards and the Board to quickly resolve the issue of whether to grant or deny an institutions charter school application. Thus, we conclude that the legislature's use of the word "shall" in Section 1717–A(i)(8) of the Charter School Law, 24 P.S. § 17–1717–A(i)(8) is mandatory, requiring the Board to issue its written decision and order within 60 days of its final hearing on an application.

██ In the case *sub judice* the Board rendered a timely decision. The Board first considered the appeal on August 18, 1999. Subsequently, on September 15, 1999, the record was closed and the hearing concluded. On that same date, the Board voted to affirm the decision of the local boards. The Board issued a written decision and order 46 days later on November 2, 1999. Having rendered a written decision and order within 60 days of the close of the hearing, (*i.e.*, September 15, 1999) the Board's decision and order were timely.

██ Furthermore, there is no merit to the contention that the Board erred in denying the request to supplement the record. The Board has no duty to accept additional evidence, and Shenango Valley offered no articulable legal arguments favoring supplementing a record with newspaper articles, nor did it establish that the additional evidence was not "previously available" as required by the Charter School Law. Section 1717–A(i)(6) of the Charter School Law, 24 P.S. § 17–1717–A(i)(6).

The last issue asserts that the Board erred as a matter of law in concluding that Shenango Valley failed to submit sufficient evidence to support the grant of a charter application. This issue is likewise frivolous.

██ The Board affirmed the local school boards finding that Shenango Valley failed to submit an application containing commitments for student enrollment, failed to submit its curriculum, failed to submit specific school operation information (hours, calendar, length of school year), and failed to submit its financial plan evidencing its ability to operate. Shenango Valley ignored these are specific requirements set forth in Sections 1717–A(e)(2)(iii) and 1719–A of the Charter School Law, 24 P.S. §§ 17–1717–A(e)(2)(iii), 17–1719–A. Thus, there was no error in affirming the local districts' denial of the charter school application.

Accordingly, the order of the Charter School Appeal Board is affirmed.

## ORDER

**AND NOW**, this 31st day of July 2000, the order of the Charter School Appeal Board is **AFFIRMED**.