BOYERTOWN AREA SCHOOL
DISTRICT, Petitioner,

v.

DEPARTMENT OF EDUCATION,
Respondent.

Keystone Central School
District, Petitioner,

v.

Department of Education, Respondent.

Souderton Area School District,
Petitioner,

v.

Department of Education, Respondent.

Wallingford–Swarthmore School
District, Petitioner,

v.

Department of Education, Respondent.

Upper Merion Area School
District, Petitioner,

v.

Department of Education, Respondent.

Keystone Central School
District, Petitioner,

v.

Department of Education, Respondent.

Wallingford–Swarthmore School
District, Petitioner,

v.

Department of Education, Respondent.

Norristown Area School
District, Petitioner,

v.

Department of Education, Respondent.

Boyertown Area School
District, Petitioner,

v.

Department of Education, Respondent.

Daniel Boone Area School
District, Petitioner,

v.

Department of Education, Respondent.

Perkiomen Valley School
District, Petitioner,

v.

Department of Education, Respondent.

Pottsgrove School District, Petitioner,

v.

Department of Education, Respondent.

Wallingford–Swarthmore School
District, Petitioner,

v.

Department of Education, Respondent.

Commonwealth Court of Pennsylvania.

Argued March 13, 2002.

Decided May 2, 2002.

Bonnie A. Sheehan and Jeffrey T. Sultanik, Lansdale, for petitioners.

Joseph M. Miller, Harrisburg, for respondent.

Before COLINS, President Judge, McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, COHN, Judge, and LEAVITT, Judge.

OPINION BY Judge SMITH–RIBNER.

Boyertown Area School District (Boyertown) and eight other school districts (together, Petitioners) have filed thirteen petitions for review challenging the action of the Department of Education (Department) and the Secretary of Education Charles B. Zogby (Secretary) in withholding portions of payments to the school districts of state educational subsidies based on the alleged failure of the public school districts to make statutorily required payments to certain "cyber" charter schools. Upon a joint motion by the school districts, the Court consolidated these thirteen cases by order of February 5, 2002.

In all of the cases the petitioner school districts question whether the Secretary lacks the authority to withhold a subsidy pursuant to Section 1725 A of the Charter School Law, Act of March 10, 1949, P.L. 30, *as amended*, added by Section 1 of the Act of June 19, 1997, P.L. 225, 24 P.S. § 17–1725–A, without providing notice and a hearing in advance to the public school district; whether the Secretary's action of directing the withholding of funds constitutes an adjudication pursuant to the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704, thus requiring notice and an opportunity to be heard; and whether the Secretary, by unilaterally withholding funds from the school districts without notice and an opportunity to be heard, presumed without any investigation that documentation provided by the cyber charter schools was correct with no recourse for the school districts to establish otherwise. The Department and the Secretary counter-state the questions as whether the Court has jurisdiction when the withholding of subsidies is a ministerial duty of the Secretary under the Charter School Law; whether Petitioners have pled facts sufficient to grant the requested relief, when the Charter School Law mandates that the Secretary withhold funds from the nonpaying school districts; and whether the Court should dismiss the petitions for review due to the pendency of a prior action.

## I

As the Department and Secretary note, the Charter School Law was enacted in 1997 as an amendment to the Public School Code of 1949 (School Code). Under the Charter School Law charters are granted or denied by the local school board of the school district in which the charter school will be located. Section 1717–A of the Charter School Law, 24 P.S. § 17–1717–A. Section 1725–A in general directs that the school district of residence of each student attending a charter school shall pay to the charter school an amount determined by a statutory formula related to the budgeted total expenditure per average daily membership of the prior school year for each such student. At issue is Section 1725–A(a)(5), 24 P.S. § 17–1725–A(a)(5), which provides in pertinent part:

Payments shall be made to the charter school in twelve (12) equal monthly payments, by the fifth day of each month, within the operating school year. ... If a school district fails to make a payment to a charter school as prescribed in this clause, the secretary shall deduct the amount, as documented by the charter school, from any and all State payments made to the district after receipt of documentation from the charter school.

By letter of August 30, 2001, the Secretary informed Boyertown that T.E.A.C.H. Charter School (T.E.A.C.H.), a/k/a/ The Einstein Academy Charter School, had documented the school district's failure to make payment to it and that the Secretary had granted the cyber school's request to withhold funds and had authorized $22,935.04 for the month of August 2001 to be deducted from the school district's Unipay and to be made payable to T.E.A.C.H. The letter included the statement: "Please note that this decision is not an adjudication." No. 2286 C.D.2001, Certified Record. On September 20, 2001, Boyertown filed a petition for relief requesting a hearing before the Department to resolve disputed issues of fact and law regarding the decision to withhold funds. By letter of October 1, 2001, the Department rejected the petition for relief and returned all copies to counsel. On the same date Boyertown filed its petition for review with this Court.[1]

---

1. The acts of withholding of subsidies giving rise to the other consolidated petitions for review and the school districts' responses were essentially the same. Souderton Area School District received a notice dated August 30, 2001 of a deduction of $43,250.08 for failure to pay T.E.A.C.H. Keystone Central School District received a notice dated November 6, 2001 of a deduction of $19,245.39 and an electronic mail notice of November 16, 2001 of withholding of $6,368.01 from a later state payment for failure to make payment to Western PA Cyber Charter School. Wallingford Swarthmore School District received a letter of November 6, 2001, which announced withholding of $17,467.08 for failure to pay Western PA Cyber Charter School, an electronic mail message of November 16, 2001 providing notice of a deduction of $22,801.89 for failure to pay T.E.A.C.H. and a letter of December 18, 2001 concerning deduction of $16,735.77 for failure to pay Western PA Cyber Charter School. Boyertown received an electronic notice of November 16, 2001 of another deduction of $13,149.95. Also on November 16, 2001, Daniel Boone Area School District received electronic notice of a deduction of $13,322.25 based upon a request by T.E.A.C.H. Upper Merion Area School District received an electronic notice of November 20, 2001 of a deduction of $19,440.57 for failure to pay T.E.A.C.H. Norristown Area School District received notice of November 20, 2001 of a deduction of $5,014.26 based on documentation from T.E.A.C.H. Perkiomen Valley School District received electronic notice of November 20, 2001 of a deduction on behalf of T.E.A.C.H. for $20,313.81, and Pottsgrove School District also received electronic notice the same date of a deduction of $13,910.04 in regard to payments allegedly not made to T.E.A.C.H. All of the school districts filed requests for hear-

## II

As summarized above, Petitioners' statements of the questions involved and the Department and Secretary's counter-statements essentially raise one issue: Was the action of the Secretary in authorizing deduction of payments to a school district based upon documentation submitted by a cyber charter school pursuant to Section 1725–A(a)(5) of the Charter School Law a ministerial act as to which no right of notice and opportunity to be heard applied or was it an adjudication subject to requirements of the Administrative Agency Law? Both sides quote the definition of "adjudication" from 2 Pa.C.S. § 101:

> Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made. The term does not include any order based upon a proceeding before a court or which involves the seizure or forfeiture of property, paroles, pardons or releases from mental institutions.

Petitioners also cite *Wortman v. Philadelphia Commission on Human Relations*, 139 Pa.Cmwlth. 616, 591 A.2d 331 (1991), where the commission argued that its determination that a discrimination charge was unsubstantiated and should not be pursued was not an "adjudication." Interpreting 2 Pa.C.S. § 101, the Court stated:

> When an agency's decision or refusal to act leaves a complainant with no other forum in which to assert his rights, privileges, or immunities, the agency's act is an adjudication. A letter from an agency may qualify as an adjudication so long as the letter is the agency's final order, decree, decision, determination or ruling and such decision impacts on a person's personal property rights, privileges, immunities, duties liabilities, or obligations.

*Wortman*, 591 A.2d at 333 (citations omitted). The Department and the Secretary do not dispute the general principle that a letter may constitute an adjudication. *See, e.g., Burgerhoff v. Pennsylvania State Police*, 49 Pa.Cmwlth. 49, 410 A.2d 395 (1980) (holding that a letter from the Commissioner of the Pennsylvania State Police denying reinstatement to a retired trooper was an adjudication).

Petitioners contend that controlling authority is found in *School District of Lancaster v. Office of Auditor General*, 88 Pa.Cmwlth. 300, 489 A.2d 963 (1985). There the Auditor General filed an audit report of a school district's financial statements for two years, which concluded that the district had employed certain improperly certified teachers and recommended that the Department withhold more than $25,000 in future education subsidies. The school district sought review, arguing that the report was not based upon an evidentiary hearing. On reconsideration, the Court concluded that the Auditor General's report was merely a recommendation to the Department, but Section 2518 of the School Code, 24 P.S. § 25–2518, provided for forfeiture of subsidies in cases of improper certification and placed on the Secretary the duty to withhold. In that case the Department rather than the Auditor General was given statutory authority for issuing the final order affecting property rights of the school district, from which an appeal should be taken. Petitioners stress that here also the Secretary withheld education subsidies based upon the school districts' alleged failures to comply with the School Code, thereby having an impact

ings, and the Department denied all of the requests.

upon the property rights of the school districts and constituting an adjudication.

Petitioners point out that the Secretary stated in October 1, 2001 correspondence that he had no discretion to deny a charter school's request for withholding of funds pursuant to Section 1725–A(a)(5) of the Charter School Law if it is supported by "appropriate documentation." They argue that determining what constitutes appropriate documentation is a quasi-judicial function based upon the exercise of discretion by the Secretary. Further, although Section 1725–A(a)(5) does not provide for a hearing, Petitioners stress that in *Wortman* the Court held that Section 752 of the Local Agency Law, 2 Pa.C.S. § 752, expressly provided that appeal might be taken from an adjudication of a local agency regardless of whether the language of the applicable statute or ordinance purported to bar an appeal.[2] Similarly, Section 701(a) of the Administrative Agency Law, 2 Pa.C.S. § 701(a), provides as a general rule for a right to judicial review of Commonwealth agency adjudications, regardless of the fact that a statute provides that there shall be no appeal or that the adjudication shall be final and not subject to review.

The Department and the Secretary contend that the withholding of funds under Section 1725–A(a)(5) was not an "adjudication" within the meaning of 2 Pa.C.S. § 101 but rather was a ministerial act. They note that the Supreme Court explained in *Rose Tree Media School District v. Department of Public Instruction*, 431 Pa. 233, 236, 244 A.2d 754, 755 (1968), that a ministerial act is one that "a public officer is required to perform upon a given state of facts in a prescribed manner in obedience to the mandate of legal authority." They emphasize that the Secretary was required to perform the act of withholding funds upon receipt of documentation from the charter schools. T.E.A.C.H. also argues at No. 2286 C.D.2001 that the Secretary's act was ministerial. It cites *Fricchione v. Department of Education*, 4 Pa.Cmwlth. 288, 291, 287 A.2d 442, 443 (1972), where the Court stated: "An exercise of discretion would appear to be the starting point in determining whether an agency's action is an adjudication." Similarly in *Flinn v. Pittenger*, 19 Pa.Cmwlth. 54, 338 A.2d 735 (1975), the Court stated that the issuance of certificates to persons meeting qualifications is ministerial. T.E.A.C.H. argues that the Secretary had no discretion. The Secretary's later reference to the receipt of appropriate documentation referred simply to the type of documentation called for in the statute, i.e., documentation showing lack of payment.[3]

In their brief at No. 2287 C.D.2001, the Department and the Secretary attempt to distinguish *School District of Lancaster* by asserting that under the statute involved there, Section 2518 of the School Code, regarding forfeiture of school subsidies for employing improperly certified teachers, the Secretary was required to make various factual determinations, such as what

---

2. The Department and the Secretary also assert that this matter should be dismissed because a petition for review involving a similar issue was filed at No. 213 M.D.2001. However, that is not the same case involving the same parties. *Taylor v. Humble Oil & Refining Co.*, 225 Pa.Super. 177, 311 A.2d 324 (1973).

3. The Western PA Cyber Charter School advances a similar argument in its brief in No. 2640 C.D.2001. It adds that an agency's interpretation of its governing statute and regulations is entitled to great deference, *School District of Philadelphia v. Independence Charter School*, 774 A.2d 798 (Pa.Cmwlth.2001), and it applies that principle to the Secretary's assertion in this case that the act of withholding subsidies was not an adjudication.

position and type of certification a teacher had held and for what period and whether any statutory provisos applied. They argue that Section 1725–A(a)(5) of the Charter School Law does not require such determinations. In addition, they assert that the Secretary may perform and has performed a *de minimis* review of submitted documentation, which in one case revealed incorrect billings by a charter school for students in school districts with similar names in different counties, but this avoidance of arbitrary action or caprice does not transform the withholding under Section 1725–A into an exercise of discretion.[4]

### III

The Court concludes that the Secretary's action in withholding payments to school districts under Section 1725–A(a)(5) constitutes an adjudication. First, the school districts clearly have a property interest at stake. As East Pennsboro School District et al. point out in their brief of amici curiae in No. 2286 C.D.2001, the school districts have a property right to entitlements under various sections of Article 25 of the School Code, 24 P.S. §§ 2501–2599. Although it is true that school districts are not entitled to moneys that are designated for the funding of

charter schools under the Charter School Law, it is clear that if the Secretary commits any error in approving withholding of subsidies under Section 1725–A(a)(5) then the result is that the Secretary takes money that has been appropriated to the school districts away from them. Thus the school districts have a property interest at stake whenever such withholding is performed.[5]

The Court is not persuaded that no exercise of discretion is involved in the Secretary's performance of his duty pursuant to Section 1725–A(a)(5). The statute requires deduction of subsidies from the school districts upon submission of "documentation" by the charter schools, and the Department has acknowledged that this documentation must be "appropriate" but that it is sometimes incorrect. Before taking action to withhold subsidies otherwise due to a school district, the Secretary must make determinations similar to those at issue in *School District of Lancaster*, namely, is the charter school operating in compliance with the Charter School Law, is each claimed student actually attending the charter school and for what period has the student attended. In *School District of Lancaster* the Department argued that

---

**4.** The Department and the Secretary and also T.E.A.C.H. argue in addition that the school districts do not have a property interest at stake. They note that under the funding system created by the legislature, where a student is enrolled in a charter school the school district of residence is no longer responsible for educating that student, and the subsidy that otherwise would go to the school district goes to the charter school. These parties improperly cite a memorandum opinion of this Court for the proposition that a school district does not have a vested interest in money that is intended to support charter schools. As Boyertown notes in its reply brief, Section 414 of this Court's Internal Operating Procedures, 210 Pa.Code § 67.55, plainly prohibits citation to unreported opinions, and the Court has stated that attorneys

who rely upon them do themselves and their clients a disservice. *Alpine, Inc. v. Abington Township Zoning Hearing Board,* 654 A.2d 186 (Pa.Cmwlth.1995).

**5.** Compare *Centennial School District v. Department of Education,* 491 Pa. 117, 419 A.2d 1174 (1980), in which school districts whose subsidies were reduced because they did not meet the statutory requirement of providing 180 days of instruction were afforded administrative hearings on their protests. *See also School District of Pittsburgh v. Department of Education,* 492 Pa. 140, 422 A.2d 1054 (1980), where reduction of a transportation subsidy was accomplished through a statutorily required hearing.

its withholding of funds was ministerial because the school district admitted that teachers were not properly certified. The Court stated:

> This argument does not alter the fact, however, that it is the Department's duty to make the factual determination as to whether the teachers were properly certified. An admission by a party on this issue does not relieve the Department from adopting findings of fact based upon such admission, and thus cannot transform a discretionary act by the Department into one purely ministerial in nature.

*School District of Lancaster*, 38 Pa. Cmwlth. at 305 n. 9, 489 A.2d at 966 n 9. The same is true here. The documentation submitted pursuant to Section 1725–A(a)(5) can and must be carefully evaluated for the purpose of establishing certain crucial facts upon which will turn an effect on a school district's property interests. The action of withholding subsidies therefore is an adjudication under 2 Pa.C.S. § 101.

As such, it is subject to the provisions of Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504: "No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings." As Boyertown correctly notes, the Supreme Court has held that where appellants have been denied the opportunity for a hearing, the proper remedy is to remand for further proceedings including reasonable notice of an opportunity to be heard. *Hardee's Food Systems, Inc. v. Department of Transportation*, 495 Pa. 514, 434 A.2d 1209 (1981).

The Department and the Secretary as well as T.E.A.C.H. and the Western PA Cyber Charter School note that the Court has held that particular time limits specified in the Charter School Law are mandatory because the legislative scheme recognizes that time is of the essence in setting up a charter school. *School District of Philadelphia v. Independence Charter School*, 774 A.2d 798 (Pa.Cmwlth.2001); *Shenango Valley Regional Charter School v. Hermitage School District*, 756 A.2d 1191 (Pa.Cmwlth.2000). They contend that the same principle should apply to provisions such as Section 1725–A, and they argue that the possible disruption of payments through contested hearings could fatally undermine their operations. The Court, however, does not agree that arguments based upon expediency may undermine the basic rights of parties such as the school districts to notice and an opportunity to be heard when their rights to subsidies are affected by agency adjudications. The issues to be dealt with in hearings on charter school requests for deductions are relatively straightforward. Whether particular students are or are not attending a particular school is a matter readily subject to proof. Thus hearings if requested by a school district in regard to a notice of deduction need not be unduly cumbersome; however, school districts must be afforded notice and an opportunity to be heard to challenge the factual and legal bases for the withholding of subsidies. The actions of the Department must be vacated and these matters must be remanded to the Department for further expedited proceedings.

### ORDER

AND NOW, this 2nd day of May, 2002, the actions of the Department of Education in making deductions from subsidy payments to the above-named school districts without providing an opportunity to be heard to challenge the deductions are

hereby vacated, and these matters are re-
manded. The Department shall provide
an expedited opportunity for the school
districts to be heard to challenge the de-
ductions in a manner consistent with the
foregoing opinion.

Jurisdiction is relinquished.

## CONCURRING OPINION BY JUDGE PELLEGRINI.

While I concur that Petitioners have a
right to a hearing, the scope is limited. In
this setting, the Secretary only determines
if the charter school has properly docu-
mented that its students are enrolled and
the amount to be deducted from the re-
spective school district accounts. The pro-
priety of the charter of the charter school
is not before the Secretary because he did
not participate in the decision to award the
charter. That decision was made by either
the school district or the Charter Schools
Appeal Board.

Judge COHN joins in this concurring
opinion.