**BOYERTOWN AREA SCHOOL DISTRICT, Keystone Central School District, Souderton Area School District, Wallingford–Swarthmore School District, Upper Merion Area School District, Norristown Area School District, Daniel Boone Area School District, Perkiomen Valley School District, Pottsgrove School District, Petitioners**

v.

**DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 10, 2004.

Decided Nov. 10, 2004.

Bonnie A. Sheehan, Lansdale, for petitioners.

Karen S. Feuchtenberger, Harrisburg, for respondent.

instructed to post the buildings. We're instructed to post the property." R.R. 16a.

BEFORE: SMITH–RIBNER, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.[1]

The Boyertown Area School District, Souderton Area School District and Wallingford–Swarthmore School District (Remaining Petitioners) petition for review of an order of the Department of Education (Department) and the Acting Secretary of Education Thomas R. Winters (Acting Secretary). The other Petitioners listed in the caption filed a praecipe to withdraw on February 26, 2004.

In *Boyertown Area School District v. Department of Education*, 797 A.2d 421 (Pa.Cmwlth.2002) ("*Boyertown I*"), Petitioners filed a petition for review challenging the Department's withholding of portions of payments of Petitioners' state educational subsidies pursuant to Section 1725–A of the Charter School Law, Act of March 10, 1949, P.L. 30, *as amended,* added by Section 1 of the Act of June 19, 1997, P.L. 225, 24 P.S. § 17–1725–A, based on Petitioners' alleged failure to make statutorily required payments to certain "cyber" charter schools in the 2001–2002 school year. The school districts raised the following questions: whether the Secretary possessed authority to withhold an educational subsidy without providing prior notice and a hearing to the affected school districts; whether the Secretary's action constituted an adjudication under the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704; and whether the Secretary improperly acted without any investigation of the accuracy of the documentation provided by the cyber charter schools.

In *Boyertown I* the Court agreed with Remaining Petitioners and held that the Secretary's action in withholding payments under Section 1725–A(a)(5) of the Charter School Law constituted an adjudication. The Court concluded that the Secretary's actions in withholding subsidies were subject to the provisions of Section 504 of the Administrative Agency Law, 2 Pa.C.S. § 504, which provides: "*No adjudication of a Commonwealth agency shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. All testimony shall be stenographically recorded and a full and complete record shall be kept of the proceedings.*" (Emphasis added.) Accordingly, the Court entered the following Order:

AND NOW, this 2nd day of May, 2002, the actions of the Department of Education in making deductions from subsidy payments to the above-named school districts without providing an opportunity to be heard to challenge the deductions are hereby vacated, and these matters are remanded. The Department shall provide an expedited opportunity for the school districts to be heard to challenge the deductions in a manner consistent with the foregoing opinion.

Jurisdiction is relinquished.

*Boyertown I,* 797 A.2d at 427–428.

The Department filed a petition for allowance of appeal with the Pennsylvania Supreme Court on May 14, 2002, and on November 21, 2002 the Supreme Court denied the Department's petition. In the interim, in August 2002, the Department issued its "Guidelines for Post–Withholding Reconciliation Process under 24 P.S. § 17–1725–A(a)" (Guidelines), which established a reconciliation process for the limited purpose of ensuring that the Secretary withheld the proper sums from school dis-

---

1. This case was reassigned to the opinion writer on August 26, 2004.

tricts for the 2001–2002 school year.[2] In its brief, the Department describes the process as an eight-step procedure "designed explicitly to provide school districts with notice and an opportunity to be heard on the merits of the withholding." (Department's brief at p. 6). None of the Remaining Petitioners participated in the reconciliation process.

On January 17, 2003, the Acting Secretary issued the opinion and order that is the subject of this appeal. The Secretary ordered as follows:

> [T]he reconciliation process established by the Pennsylvania Department of Education for the 2001–2002 school year having provided to all school districts in the Commonwealth, including Petitioners in the above-captioned matters, notice and opportunity to be heard to challenge the deductions made from the school districts and paid to charter schools under the Charter School Law in the 2001–2002 school year, the Petitions for Review are DISMISSED as moot. *It is the judgment of the Acting Secretary of Education that the reconciliation process provided the Petitioners with the notice and opportunity of be heard to which they are entitled under the Administrative Agency Law and the CSL and therefore, satisfy the Commonwealth Court's Order dated May 2, 2002 in the Boyertown appeals. . . .*

Opinion and Order of the Acting Secretary (emphasis added). In their petition for review, Remaining Petitioners argue that *Boyertown I* requires the Department to conduct pre-deprivation hearings and that the Acting Secretary's continuing refusal to refund the school districts' withheld subsidies and to schedule hearings is in direct contravention of this Court's remand order and basic tenets of the Administrative Agency Law. The Department contends that its newly promulgated eight-step reconciliation process for school districts to challenge subsidy deductions complies with the Court's remand order in *Boyertown I* and also in *Pennsylvania School Boards Ass'n, Inc. v. Zogby*, 802 A.2d 6 (Pa.Cmwlth.2002).

As the Court stated in *Boyertown I*: "The Supreme Court has held that where appellants have been denied the opportunity for a hearing, the proper remedy is to remand for further proceedings including reasonable notice of an opportunity to be

---

**2.** The "reconciliation process" requires school districts, *inter alia*, (a) to engage in pre-hearing informal exchanges of papers and reports with Department staff regarding the withholding of subsidies, (b) to submit objections to reports and supporting documentation presented to the school districts by the Bureau of Budget and Fiscal Management, (c) to go through mediation through the Office of General Counsel if the school districts' objections are not resolved, (d) to await submission of charter school responses to any unresolved objections, (e) to await review of remaining objections by the Office of Educational Initiatives (OEI), (f) to proceed to hearing before a hearing officer when and if OEI decides that additional factual information is needed and if a hearing officer is appointed, (g) to await the hearing officer's certification of the record and (h) to await review by the Secretary who issues a final decision. Each step has specific time periods. *See* Acting Secretary's Opinion and Order, Exhibit A.

In his January 17, 2003 opinion and order, the Acting Secretary indicated that the Department recently extended the applicability of the guidelines to the current school year and beyond in accordance with the amendments to the Charter School Law, effective July 1, 2002. Generally, these amendments provide that if a school district fails to make a payment to a charter school, the Secretary is entitled to deduct the estimated amount. If the school district wishes to dispute this deduction, it must notify the Secretary within 30 days of the deduction, after which the Secretary will provide the school district with an opportunity to be heard. *See* 24 P.S. § 17–1725–A(a)(6).

heard. *Hardee's Food Systems, Inc. v. Department of Transportation*, 495 Pa. 514, 434 A.2d 1209 (1981)." *Boyertown I*, 797 A.2d at 427. In this connection, the Supreme Court noted in *Hardee's Food Systems* that the opportunity for a party to develop an evidentiary record for judicial review is a fundamental part of the process.

The Court's remand order in *Boyertown I* did not contemplate Remaining Petitioners' forced participation in an informal paper process that the Department crafted after the remand. Instead the remand order required nothing less than what Section 504 of the Administrative Agency Law allows, and neither the holding in *Boyertown I* nor that in *Pennsylvania School Boards Ass'n* authorized the Department to ignore the remand requirements. Because the Department unquestionably violated the Court's remand order by failing to provide an expedited opportunity to Remaining Petitioners to be heard, the Court vacates the order of the Acting Secretary and once again remands this case for the Department to do what the Court directed in its original remand order.

Furthermore, the fact that the Department created the reconciliation process after the remand order does not relieve it of the obligation to comply with the order. Although the reconciliation process is available to all school districts throughout the state, every school district was not a party to the litigation in *Boyertown I*. Rather, the litigation involved a discrete group of school districts that challenged the withholding of their particular subsidies without providing them with notice and an opportunity for a hearing. The fact that some school districts chose to participate in the reconciliation process does not support the Acting Secretary's determination that Remaining Petitioners should be denied their rights under Section 504 of the Administrative Agency Law, nor does it support the contention that they have failed to exhaust an available administrative remedy which did not exist at the time of the remand order or at any time prior thereto.[3]

Accordingly, the Court reverses the order of the Acting Secretary of the Department of Education, and it remands this matter for an expedited hearing in compliance with the remand order. The Department is directed to provide Remaining Petitioners with reasonable notice and to convene a hearing upon request made by any or all of the Remaining Petitioners. The hearing shall be convened within sixty

**3.** Remaining Petitioners additionally argue that following *Boyertown I* the wrongfully withheld subsidies should have been immediately refunded to them. They cite *Burello v. State. Employes' Retirement System*, 49 Pa. Cmwlth. 364, 411 A.2d 852 (1980), in which the Court decided whether a retired Commonwealth employee's pension benefits could be retroactively forfeited if he is convicted or pleads no contest to a crime related to public office or public employment. The Court concluded that the statute authorizing this retroactive forfeiture was unconstitutional and as a result issued the following order: "AND NOW, this 20th day of February, 1980, the order of the State Employes' Retirement Board dated September 6, 1978 is hereby reversed and this matter is remanded *with a direction that all pension benefits thereby discontinued be restored* as of, and after, September 6, 1978 with such effect as the pension laws confer." *Id.* at 372, 411 A.2d at 856 (emphasis added).

The holding in *Burello* does not support the proposition that Remaining Petitioners advanced with respect to immediate refund of the withheld subsidies. Rather, the restoration of the pension benefits in *Burello* was specifically provided for in the order, whereas the remand order in *Boyertown I* contained no such restoration provision. The Department was not required to immediately refund the wrongfully withheld funds; instead, it was required to provide Remaining Petitioners an expedited opportunity to be heard in their challenge to the deductions.

days of any such request, and it shall be conducted in accordance with the requirements of the Administrative Agency Law. *Hardee's Food Systems, Inc.*; *Boyertown I.*

### ORDER

AND NOW, this 10th day of November, 2004, the January 17, 2003 order of the Acting Secretary of the Department of Education is hereby reversed, and this case is remanded to the Department in accordance with the foregoing opinion.

Jurisdiction is relinquished.

## DISSENTING OPINION BY Judge LEAVITT.

Respectfully, I dissent. I disagree that the Department of Education (Department) failed to comply with this Court's remand order in *Boyertown Area School District v. Department of Education*, 797 A.2d 421 (Pa.Cmwlth.2002) (*Boyertown I*).

In *Boyertown I*, this Court established that withholding subsidy payments pursuant to Section 1725–A of the Charter School Law, Act of June 19, 1997, P.L. 225, 24 P.S. § 17–1725–A,[1] required the Department to give affected school districts an opportunity for an administrative hearing conducted in accordance with the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, 701–704. Accordingly, we vacated the deductions that had been challenged by the petitioners in *Boyertown I*[2] and ordered the Department to

provide an expedited opportunity for the school districts to be heard to challenge

the deductions in a manner consistent with the foregoing opinion.

*Boyertown I*, 797 A.2d at 428. I believe the Department's reconciliation guidelines are consistent with our order in *Boyertown I*.

First, *Boyertown I* established the principle that the Department was required to give each school district in Pennsylvania the opportunity to challenge deductions made from its subsidy payments by reason of the district's failure to make a payment to a charter school. The principle of law articulated in *Boyertown I* applies with equal force to all school districts, not just the petitioners in *Boyertown I*. The Department's reconciliation guidelines gave notice to all districts of their newly recognized right to voice objections to their subsidy reductions in a formal administrative hearing. They also established procedures designed to narrow the issues in dispute and, ideally, to dispose of those issues by agreement rather than by litigation. In the event issues remained outstanding, then the objecting districts would proceed to a formal hearing on their objections. By adopting these guidelines, the Department implemented the new law announced in *Boyertown I* in a responsive and responsible manner.

Second, formal administrative hearings before the Department are governed by the General Rules of Administrative Practice and Procedure, 1 Pa.Code §§ 31.1—35–251. (General Rules). They authorize the agency head, *i.e.*, the Secretary of Education, to establish pre-hearing procedures that will identify, narrow and, finally, resolve the issues between the parties. 1 Pa.Code §§ 35.111–35.113.[3] These pre-

---

**1.** This Act amended the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101—27–2702.

**2.** This group included the Petitioners in the case *sub judice*.

**3.** They provide as follows:

§ 35.111. Conferences to adjust, settle or expedite proceedings.

*In order to provide opportunity for* the submission and consideration of facts, arguments, offers of settlement, or proposals pre-

hearing procedures advance the orderly and expedited "disposition of the proceeding." 1 Pa. § 35.111.

The Department's reconciliation guidelines track these pre-hearing rules precisely. The guidelines require pre-hearing exchange of data and reports; preparation of objections; mediation with the Department's counsel; responses by affected charter schools; and, finally, an evidentiary hearing on outstanding factual issues. Each of these items is specifically authorized by the General Rules of Administrative Practice and Procedure. 1 Pa.Code §§ 35.111–35.113. A fact-finding tribunal, whether it is an administrative agency or a court of law, is entitled to broad discretion in how it will conduct a hearing. The Department's guidelines are an exercise of this discretion. Had the Secretary issued the reconciliation guidelines in a pre-hearing order issued to Petitioners alone, I do not believe this Court would have interfered.

Petitioners' real objective in *Boyertown II* is not to resolve the question of whether the amount of their subsidy withheld was accurate, but, rather to obtain repayment of their subsidy reductions during the pendency of their litigation. Ironically, had Petitioners simply followed the guidelines, as did the majority of the petitioners in *Boyertown I*, their dispute with the Department would likely be now resolved.

adjustment, for settlement of a proceeding, or any of the issues therein, or consideration of *means by which the conduct of the hearing may be facilitated and the disposition of the proceeding expedited*, conferences between the participants for such purposes may be held at any time prior to or during hearings before the agency head or the presiding officer as time, the nature of the proceeding, and the public interest may permit.

**§ 35.112. Conferences to expedite hearings.**

At a prehearing or other conferences which may be held to expedite the orderly conduct and disposition of a hearing, there may be considered, in addition to offers of settlement or proposals of adjustment, the possibility of the following:

(1) The simplification of the issues.

(2) The exchange and acceptance of service of exhibits proposed to be offered in evidence.

(3) The obtaining of admission as to, or stipulations of, facts not remaining in dispute, or the authenticity of documents which might properly shorten the hearing.

(4) The limitation of the number of witnesses.

(5) The discovery of production of data.

(6) Other matters as may properly be dealt with to aid in expediting the orderly conduct and disposition of the proceeding.

**§ 35.113. Initiation of conferences.**

a) *The agency head* or the presiding officer, *with or without motion*, and after consideration of the probability of beneficial results to be derived therefrom, *may direct that a conference be held, and direct the parties to the proceeding, the staff of the agency and staff counsel to appear thereat to consider the matters enumerated in § 35.112* (relating to conferences to expedite hearings). Due notice of the time and place of the conference shall be given to all parties to the proceeding, the staff of the agency and staff counsel.

(b) Parties will be expected to come to the conference fully prepared for a useful discussion of problems involved in the proceeding, both procedural and substantive, and fully authorized to make commitments with respect thereto. *The preparation should include, among other things, advance study of relevant material, and advance informal communication between the participants, including requests for additional data and information*, to the extent it appears feasible and desirable. Failure of a participant to attend the conference, after being served with due notice of the time and place thereof, shall constitute a waiver of all objections to the agreements reached, if any, and any order or ruling with respect thereto.

(Emphasis added).

For these reasons, I would affirm the Secretary's adjudication.